Railway Officials and Employes Ass'n v. Beddow.

CASE 16—ACTION TO RECOVER UPON AN ACCIDENT INSURANCE POLICY— DEC. 3.

# Railway Officials and Employes Ass'n v. Beddow.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS—AFFIRMED.

ACCIDENT INSURANCE—NOTICE OF INJURY—FAILURE TO ALLEGE DETAILS OF INJURY—FAILURE TO VERIFY PROOF OF INJURY—WAIVER OF OBJECTION—DEFECT IN PLEADING CURED BY VERDICT.

Held: 1. In an action on an accident policy, it being averred in the petition that immediately after the injury was received notice thereof in writing was addressed and mailed to defendant at Indianapolis, Ind., the place where the policy was issued, giving full particulars of the character of the injury, and the cause thereof, it must be presumed, in the absence of an express denial, that defendant received the notice in due course of mail.

2. In such an action it is not necessary to state in the petition all the details of the injury, it being sufficient, in an action on an

Railway Officials and Employes Ass'n v. Beddow.

express contract, to state the substance of the material facts and their legal effect.

3. Though plaintiff was required to furnish verified, affirmative proof in writing as to the particulars of the injury, yet, as defendant accepted the affirmative proof furnished, without objecting to the want of verification, it is estopped to defend on that ground.

4. In the absence of a bill of exceptions it must be assumed that every fact necessary to sustain the verdict for plaintiff was shown by the proof, and, therefore, the omission to state in the petition in express terms any fact comprehended by its general terms is cured by the verdict.

THORNTON & KERR, ATTORNEYS FOR APPELLANT.

The Railway Officials and Employes' Accident Association, on November 12, 1897, issued and delivered to appellee a certificate of membership in said association.

Appellee brought this action in the Fayette circuit court Dec. 26, 1898, claiming $520 as indemnity for fifty-two weeks' loss of time for alleged bodily injuries received by being violently and accidentally thrown from the top of a railway car, while he was pursuing his avocation as freight brakeman.

To his original petition a general demurrer was filed and sustained. He thereupon filed an amended petition when the general demurrer was refiled to the petition as amended and this was overruled.

After answer was filed and the action tried the jury returned a verdict for $520, the full sum claimed.

Upon the rendition of the verdict and before judgment was entered thereon, appellant moved in arrest of judgment and also moved for judgment for the defendant notwithstanding the verdict, both of which motions were overruled by the court, and judgment entered for the plaintiff to which the defendant objected and excepted and prayed an appeal, which was granted.

The appellant contends that the petition of plaintiff as amended, does not set out a cause of action under the terms and conditions of the policy, or certificate of membership, for the reason that the conditions precedent contained therein are not well pleaded, and failure to state facts essential to constitute a cause of action will not be cured by verdict.

"So also, when the right of action depends upon the performance of a *condition precedent*, by the plaintiff, if the declaration omits to allege performance of it, or what is in law equivalent to performance, the omission is incurable by verdict. For in every case of this kind, performance of the condition, or what

is equivalent to it, is of the *gist* of the action, and is moreover, a *distinct, collateral* fact, and can not be *inferred* or *presumed from* the other facts necessary to be alleged." Gould's Pleadings, 4th edition, section 25.

"The better rule, and in fact the one recognized by all the elementary authorities on the subject of pleading, including Mr. Chitty, is that where there is a total omission to state a cause of action, or some fact essential to the cause of action has been *wholly omitted*, the verdict will not cure the defect." Drake's Administrator v. Semonin & Dixon, 82 Ky., 295.

Defects in a petition are not cured by an answer which is a mere traverse; nor will the plaintiff be heard to say that it is cured by a verdict which he is seeking to set aside. But there being no demurrer, defendant should pay the cost. Thruston v. Davis, 5 Ky. Law Rep., 179.

"When the declaration fails to state a cause of action, and clearly shows that upon the case as stated, the plaintiff can not recover and the demurrer of the defendant thereto is overruled, he may answer upon leave and go to trial, without losing the right to have the judgment upon the verdict reviewed for the error in overruling the demurrer. The error is not waived by answer, nor is it cured by verdict." Teal v. Walker, 111 U. S., 242, 246.

"In the case of a general verdict on a trial by jury, the finding establishes all the material facts which are alleged in the declaration. If, however, the declaration on which either the verdict or finding must rest "fails to state a cause of action, and clearly shows that upon the case as stated the plaintiff can not recover," the error is not cured by verdict, and is not waived by answering and proceeding to trial after the demurrer is overruled. In such a case there is no foundation for the judgment." City of Pontiac v. Talbot Pav. Co., 94 Fed. Rep., 67.

"A verdict may cure an ambiguity in pleading, but does not avail if there be an omission to allege a matter which is material to make out a cause of action." Bogenschutz v. Smith, 84 Ky., 341.

It is unnecessary to add additional authorities to the above citations, as the rule is well settled in this State that, while a verdict may cure an ambiguity in a petition, it will not cure an omission to allege matter which is essential to make out a cause of action.

ROBERT HARDING, J. W. RAWLINGS, EMMET PURYEAR AND ROBERT C. RIVES, FOR APPELLEE.

Appellant has brought no bill of exceptions to this court, nor did it file in the lower court a motion for a new trial, al-

Railway Officials and Employes Ass'n v. Beddow.

though a trial was had and a verdict returned by a jury for $520, for appellee.

The sole contention of appellant is, that neither the petition, nor the petition as amended, states a cause of action, and for that reason the court should upon its motion have entered judgment for appellant notwithstanding the verdict of the jury.

Appellant contends that the policy required as a "condition precedent" that "satisfactory verified affirmative proof in writing" should have been furnished the company before appellees' right to sue accrued.

We think the allegations of the petition as amended in regard to this precedent condition are full enough.    They are not denied by the answer and are broad enough to show a substantial compliance with section 4 on the back of the policy.

We contend: 1. The allegations of the petition are amply sufficient to show that immediate notice in writing of the injury was given appellant and that "affirmative proof" in writing, of the injury with full particulars thereof, and the cause of same, and name and address of appellee, was mailed to appellant at Indianapolis, Ind., within seven months, and these facts are stated as fully as required by the rules of good pleading.

(2) The record shows that none of the allegations of the petition in regard to notice and proof of injury, were denied, nor is there any thing in the record to show that appellant ever made complaint that these proofs were defective in form or matter, and in the absence of such complaint, appellant must be held to have accepted the notice and proofs of injury and is estopped from calling them in question now.

### AUTHORITIES CITED.

Donan v. Donan, 12 Ky. Law Rep., 291; Johnson v. Hall, 13 Ky. Law Rep., 542; 2 Met., 279-312; 14 B. Mon., 86; 1 Chitty on Pleading, 302; May on Insurance, sec. 589; Ency. Pl. and Pr., vol. 4, p. 645; L. R. A., vol. 9, p. 501; Am. & Eng. Ency., vol. 28, p. 421-417, p. 439; Swift v. Hosmer, 3 Howard (N. Y. Sup. Ct.) 284; Orient Ins. Co. v. Clark, decided by this court, Dec. 14, 1900; Dobson v. Campbell, 1 U. S., 326, Hickman v. Sutherland, 4 Bibb, 194; 3 J. J. Mar., 541; Happe v. Stout, 2 Cal., 460; Bailey v. Clay, 4 Rand (Va.) 346.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The appellee, Charles M. Beddow, brought this suit upon an accident insurance policy or certificate of membership issued and delivered to him by appellant, the Railway Offi-

cials & Employes' Association, which reads as follows: "In consideration of the warranties and agreements made in his application for membership, and which is made a part hereof, and his agreement to fully perform and abide by all the provisions and conditions of this contract, does hereby accept Charles M. Beddow, of Danville, Ky., by occupation a freight brakeman, under classification S. C., as a member of said association, and hereby insures him and agrees to indemnify him, subject to its charter, by-laws, and regulations, and to all the conditions of this contract, against personal bodily injuries as hereafter defined. No claim of any character shall ever accrue upon this contract unless it arise because of and as the direct and immediate result of physical bodily injury effected while this contract is in force, and then only when such injury undoubtedly proceeds from and is inflicted by external, violent, and accidental means; and then only when the injury is of such severe character as to wholly, totally, immediately, and continuously prevent said member from performing any labor or business, and is within all the conditions and limitations that govern this contract. In case said member receives bodily injury within the limitation of this contract, totally disabling him, then he shall be indemnified against loss of time during such period of total disability caused thereby in the sum of $10.00 per week, but not to exceed the money value of his time, nor for more than fifty-two consecutive weeks. Said sum to be payable on recovery, and upon the receipt of satisfactory proofs of injury, or at the expiration of said period if disability continues. The liability under this certificate shall cease upon the death of the member. This certificate shall take effect at 12 o'clock noon (standard time) on the date hereof, and is issued for the term of twelve months there-

from. It may be renewed from year to year by mutual agreement of said member and said association, subject to the charter and by-laws of the association. It shall also terminate according to the terms and conditions of the application for membership, or any obligation at any time given to secure any assessment payment, or as provided in the charter and by-laws of this association, or upon the nonpayment of any assessment payment when due. The conditions on the back of this certificate are hereby made a part of this contract. All the provisions and conditions of this contract are conditions precedent. In testimony whereof, the said Railway Officials and Employes' Accident Association has hereunto affixed its corporate seal and the signatures of its president and secretary, at Indianapolis, Ind., this 12th day of November, 1897. Chalmers Brown, President, C. K. Bellis, Secretary. [Seal.]" Conditions four and five were on the back of the certificate, and are as follows: "(4) Immediate notice of injury of the member shall be given in writing, addressed to the association at Indianapolis, Ind., stating the name, occupation, and address of the member, with the date and full particulars of the injury and causes thereof; and failure to give such notice shall render void all claims for such injury. Also, satisfactory verified affirmative proof, in writing, of the same, must be furnished by the claimant within seven months from the happening of such injury, or all claims are hereby relinquished. (5) . . . Failure to comply with any of the conditions of this certificate shall render void all claims for injury." Claiming under the provisions of the policy the sum of $520 as indemnity for loss of time for fifty-two weeks, during which period he alleged he was totally disabled by bodily injuries which he received by being accidentally thrown from the top of a

railway car while pursuing his business as freight brake-man, in his original petition he alleged that he had "at once given notice to the defendant of his injury and made the proof of same as required by the terms of said certificate and policy, and had complied with the terms of said contract and policy and certificate." The sufficiency of this averment was tested by general demurrer, which was sustained. Thereupon appellee filed an amended petition, which contained this averment: "Now comes the plaintiff, and adopts all the allegations of his petition as fully as if copied herein, and for amendment to said petition says that he, immediately after receiving said injuries, gave notice of same in writing, which writing was addressed and mailed to the defendant at Indianapolis, Ind., and that he made affirmative proof of his injuries to the defendant, to wit, statements in writing, giving his name and address, with the date and full particulars of the injury, with the causes thereof, within seven months from the happening of the injury; and at the time he received said injuries he was earning $12.00 per week." Appellant again filed a general demurrer to the petition as amended, which was overruled. Thereupon appellant answered, admitting the execution and delivery of the contract of membership in consideration of appellee's agreement to fully perform and abide by all the conditions and provisions set out and contained in the certificate and conditions, and denied that appellee had received any injuries in the manner and to the extent alleged. No issue was made as to the averments of the performance of the acts required as conditions precedent to appellee's right of action. A jury trial resulted in a verdict for the plaintiff for the full amount sued for. Thereupon appellant moved in arrest of judgment, and also for judgment *non obstante veredicto*.

Both motions were overruled, and judgment rendered upon the verdict.

The record contains neither a bill of evidence nor the instructions given to the jury; therefore the sole question to be determined is, does the petition as amended state a cause of action? It is insisted for appellant that the averments of the petition as amended are insufficient: First, in failing to aver that appellant had received satisfactory proofs of the injuries before the institution of the action; second, in failing to set out in detail the full particulars as to the manner in which the alleged injuries were received, and their character and extent; third, in failing to aver that he had given the appellant, within seven months, satisfactory, verified, affirmative proof in writing, as required by the fourth condition on the back of the certificate, so that appellant could tender issue upon these allegations. In response to these various contentions, we suggest that it is alleged that immediately after receiving the injuries sued for notice thereof in writing was addressed and mailed to the defendant at Indianapolis, Ind., giving the plaintiff's name and address, with the date and full particulars of the character of the injury and the cause thereof; and in the absence of an express denial in the answer of the receipt of these various notices in writing the presumption arises that they were received by appellant in due course of mail; and in an action on an express contract it is not necessary that all the details of the injury should be set out in the petition. It is sufficient to state the substance of the material facts relied on and their legal effect. See 1 Chit. Pl., 302; Hill v. Barrett, 14 B. Mon., 86. But under condition 4 it was, perhaps, essential that appellee should have furnished verified, affirmative proof in writing as to the particulars of

the injury and the cause thereof, if demanded by appellee. But the failure to verify the affirmative proof was not objected to by appellant, and the weight of the latter authorities is to the effect that: "When proofs are furnished in time, and are objectionable in form or deficient in matter, the insurer, should, without unreasonable delay, inform the claimant in what particulars the proof is unsatisfactory. Failing to do so, he will be estopped from showing that the proofs were insufficient on the trial of the case should suit be brought to recover on the policy. When proofs are defective in more than one particular, the objections returned by the company should state definitely each point respecting which further information is desired; otherwise it will be presumed that the proofs are satisfactory in regard to all matters that are not essentially pointed out." See Ostr. Ins., sec. 353, and authorities cited in footnotes. Appellant can not accept the proof furnished by the insured without objection, and, when suit is brought to recover on the policy, be permitted to claim that they were defective in form or matter, and therefore a bar to recovery. Besides, in the absence of a bill of exceptions, we must assume that every fact necessary to sustain the verdict was shown by the proof and required by the instructions, and any failure or defect in the averment of fact is cured by the verdict. The rule as laid down by Judge Story in the case of Dobson v. Campbell, 1 Sumn., 326, Fed. Cas. No. 3,945, is in these words: "The general principle is that, where there is a matter so essentially necessary to be proven to establish plaintiff's right to recover that the jury could not be presumed to find a verdict for him unless it had been proven at the trial, the omission to state the matter in express terms in the declaration is cured by the verdict, if the general terms of the declaration

are otherwise sufficient to comprehend it." In the case at bar, in the absence of a bill of exceptions, it must be presumed that the judge on the trial required proof of all essential facts to recovery.

Judgment affirmed.