### Benge's Administrator v. Garrison, et al.

(Decided March 23, 1923.)

### Appeal from Clay Circuit Court.

1. Evidence—Proof of Mailing of Notice Properly Stamped and Addressed Raises Presumption that Notice Was Given.—Though Ky. Stats., section 4668, requires service of notice by surety to creditor to sue principal, proof of mailing, properly stamped and addressed, raises presumption that notice was given.

2. Appeal and Error—Holding on Former Appeal as to Sufficiency of Evidence Conclusive When Evidence not Materially Different. —Holding on former appeal that presumption that surety's notice

to creditor to sue was received was overcome by testimony to the contrary, and that evidence was insufficient to show notice was given is conclusive when evidence is not materially different.

RAWLINGS & WRIGHT for appellant.

A. T. W. MANNING and JOHN D. CARROLL for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

The opinion on the first appeal of this case is reported in 156 Ky. at page 131, where a full statement of the facts may be found. On the return of the case there was a retrial before a jury, which returned a verdict in favor of appellee. Judgment was rendered on the verdict, to reverse which this appeal is prosecuted.

Several errors are assigned for a reversal of the judgment, but in our view of the law it is only necessary to discuss the ruling of the trial court on the motion for a directed verdict made at the conclusion of all the evidence.

Whether there was sufficient evidence to submit to the jury the question of the giving of notice as required by section 4668 of Kentucky Statutes is the point in issue. Endeavoring to supply the deficiency in the former evidence on that question, as held by this court, appellee introduced his brother-in-law, G. I. Rader, an attorney, who testified that in November, 1909, he advised appellee "to write her (Miss Benge) a notice to bring the suit and press the collection, etc.;" that he dictated the notice to appellee and it stated "that she was notified to bring suit on these two notes, that he was surety for L. P. Garrison to her, that he did not desire to stand surety longer," and that it was put in an envelope and stamped and mailed in his presence. The witness did not keep a copy of the letter and the evidence does not show that he read it after dictating it to appellee. In addition to this testimony, appellee introduced B. F. Bailey, who had testified on the former trial, and who said in substance that he was present in Rader's office with Eversole when a letter was dictated to Miss Benge, and that he later saw Miss Benge and she said "she had a letter from Mr. Eversole in regard to the notes," and "she called it a notice," and said that Mr. Eversole had written her to collect her money from Garrison. On the cross-examination of this witness it was shown that on the former trial

he had said nothing about Miss Benge's referring to the letter as a notice. He testified that Miss Benge read a letter to him, which he said she referred to as a notice, but when shown the letter of October 30th said he did not know whether that was or was not the letter. Two other witnesses were introduced by appellant—P. D. Marcum and his son, Cleveland Marcum—both of whom testified that in the spring of 1910 they called to see Miss Benge about a note that she held against P. D. Marcum; that she had a bunch of notes on the front porch, and something was said about Mr. Eversole being good on the note in controversy, and she replied that he had tried to get her to sue on the note or to send it to Mr. Rader at London and let him bring suit, but she would not do it. P. D. Marcum said that he was looking for a note of his own, and in looking over the notes "I passed this note of L. P. Garrison" and remarked that Mr. Eversole was good, and Miss Benge replied that Mr. Eversole wanted her to sue on the note and collect it, but she was not going to trouble herself about it. Miss Benge's evidence as to the letters received from Eversole, as given on the former trial, was introduced, and it shows, as recited in the former opinion, that the three letters therein set out were the only communications that she had ever received from Eversole on the subject.

In discussing the subject of notice in the former opinion, it was said: "Whenever she produced a letter from Eversole, he was careful to say that while he wrote the letter submitted to him, he had also written another letter, and after Miss Benge had produced the three letters, Eversole still insisted that he had written a fourth letter." In connection with this comment it may be observed that the three letters written to Miss Benge were dated August 28th, September 29th, and October 30th, respectively. Another significant circumstance is that the separate answer filed by appellee in this action and signed by his attorney, G. I. Rader, denied liability on the note on the ground that appellee had given written notice to Miss Benge "on or about the — day of September, 1909," to sue on the note and to collect it from the principal, L. P. Garrison. These facts were noted in the former opinion as bearing on the effect of the testimony. For the same reason they are referred to here, i. e., not for the purpose of testing the credibility of the evidence, but with the view of determining its scope and

meaning in relation to the question of whether there was sufficient evidence of the giving of the statutory notice to submit the case to the jury.

The statute requires that the notice shall be in writing and shall be served on the creditor in person. It has been held that proof of the mailing of a letter, duly stamped and properly addressed, to the residence or place of business of the addressee is a relevant circumstance which, if not sufficiently rebutted, will authorize the jury to find that the letter was received in due course by the addressee. Sullivan v. Kuykendall, 82 Ky. 483; Railway Officials and Employees Assn. v. Beddow, 112 Ky. 184; Home Ins. Co. of N. Y. v. Roll, 187 Ky. 31; and Proctor v. Ray, 194 Ky. 746. Thus it must be held that the evidence on behalf of appellee raised the presumption of the giving of notice. The remaining question is, was that presumption overcome by the positive testimony of Miss Benge? In discussing that point in the former opinion, Judge Miller said:

"The surety is required to show that the notice was served in person; and whenever the surety sends the notice by mail, and the creditor denies that he received it, the presumption of delivery ceases and the surety stands under the statute, with the burden of showing by other testimony, that the letter was received. This Eversole has wholly failed to do.

"Under the authorities above cited, Miss Benge having denied that she received the fourth letter which Eversole claims he sent her, there was no service of the notice shown as is required by the statute, and the court should have directed a peremptory instruction for the jury to find for the plaintiff."

Whatever may be our view as to the correctness of the former decision, we are bound by the language of the opinion and its application to the facts then under consideration. The evidence introduced on the second trial does not present a case materially different from that existing on the first appeal. It follows that it was the duty of the trial court, at the conclusion of all the evidence, to direct the jury to return a verdict for the plaintiff for the amount claimed in the petition.

The judgment is reversed and the cause remanded for proceedings consistent herewith.