## Continental Insurance Company v. Brown.

(Decided October 8, 1926.)

### Appeal from Livingston Circuit Court.

1. Insurance.—Note for insurance premiums, given when policy was issued, held part of transaction, and provision therein for suspension of insurance on failure to promptly pay any premium installment is binding, though not in policy.

2. Pleading—Judgment for Plaintiff on Pleadings in Action on Tornado Insurance Policy Held Improperly Granted, in View of Provision in Note for Suspended Insurance on Nonpayment of Premium Installment.—Where tornado insurance policy contained no provision for suspended insurance on nonpayment of installment of premium, held, in action for loss occurring after due date of unpaid premium installment, where pleadings disclosed that premium note contained provision for suspended insurance on nonpayment of premium installment, judgment for plaintiff on pleadings was improperly granted.

JOS. S. LAURENT, BRUCE, BULLITT, GORDON & LAURENT and C. H. WILSON for appellant.

FERGUSON & WELLS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER.— Appeal granted and judgment reversed.

In October, 1922, appellant issued to appellee a policy of tornado insurance on his barn and certain personal property therein for a period of five years. The premium was to be paid in instalments, and the first instalment was paid at the time the policy was issued, and each yearly instalment was thereafter to be paid on the first of November.

At the time of the tornado loss on the first of September, 1925, the yearly instalment due the first of November, 1924, had not been paid.

The tornado policy contained no provision suspending the insurance upon the failure to promptly pay the instalments; but on the same day the tornado policy was issued appellant also issued to appellee a fire insurance policy on the same barn and the same personal property for the same length of time, and an instalment note was given by appellee for the full amount of the premiums

payable on both policies for the succeeding four years. The tornado policy refers to

> "Extra premiums specified in fire policy No. 582,873, if paid when due and in payment when due of instalment on an instalment note."

In this action by appellee on the tornado policy for his loss the defendant, after denying the amount of the loss in the first paragraph, alleges in the second paragraph that the policy sued on was issued at the same time that a fire policy was issued to appellee by appellant upon the same property, and that each policy refers to the other and the two policies form a single contract of insurance, and therefore the two should be construed together and in connection with each other. It is then alleged that the two policies were issued in consideration of a stipulated sum if paid when due, as evidenced by a note covering the instalments due on the first day of November in 1923, 1924, 1925 and 1926; and further pleads that it is provided in the fire insurance policy:

> "But it is especially agreed that this company shall not be liable for any loss or damage that may occur to the property herein insured while any promissory note or obligation, or part thereof, given for the premium, remains past due and unpaid."

It is then alleged that pursuant to that provision the plaintiff executed to defendant an instalment note for the premium on the two policies, "and said note contained the same provision and agreement as that above quoted."

A reply to this second paragraph was filed denying that the two policies contained the contract of insurance or that the fire insurance policy formed any part of the tornado insurance contract, or that the two contracts should be construed together, or that the tornado policy was issued subject to the terms or conditions in the fire policy, or that the two policies were issued in consideration of a stipulated sum if paid when due, or that by reason of nonpayment of any instalment defendant was not liable for the plaintiff's loss. But there is no denial that the fire insurance policy contains the quoted provision or that the instalment note which was executed for the premiums on both the tornado and fire policies did not contain the same agreement. Thereafter the court, upon the plaintiff's motion, submitted the case for judgment

on the pleadings, and a judgment was entered for $475.00, the amount shown by the proofs of loss.

The defendant has filed a transcript and entered a motion for an appeal.

Without considering or passing upon the question whether the two policies should be read together as one contract of insurance or whether a provision of one should be read into and become a part of the other, we will pass upon the case as if the pleadings merely admitted that the instalment note given for the deferred premiums on the tornado policy provided that the company should not be liable for any loss or damage occurring to the insured property "while any promissory note or obligation, or part thereof, given for the premium remains past due and unpaid."

Clearly a note given for unpaid premiums on an insurance policy executed at the time the policy is issued is a part of the transaction, and any stipulation therein providing for a suspension of the insurance upon the failure to promptly pay when due any premium instalment, is enforceable, and is a part of the contract of insurance as much as if it had been written into the face of the policy.

The only difference between this case and the case of Continential Insurance Co. v. Stratton, 185 Ky. 523, is that the provision for suspension of the insurance upon nonpayment of deferred premium instalments in that case is contained in both the policy and the instalment note, while in this case it is contained in the instalment note only.

We apprehend that it can make no difference whether it be contained in one or the other, or both, for upon the authority of that case and Continental Insurance Co. v. Hargrove, 131 Ky. 837, it is apparent this court is committed to the view that it is a valid provision.

The agreement in the note being a part of the contract of insurance and being a valid agreement, it is obvious the court erred in entering a judgment for the plaintiff for any amount on the pleadings, and in sustaining a demurrer to the second paragraph of the answer.

The appeal is granted and the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.