## R. C. Poage Milling Company v. Joseph Howard & Company.

(Decided January 15, 1929.)

354

KIRK, KIRK & WELLS for appellant.

W. J. WARD for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

The R. C. Poage Milling Company sold and delivered to Joseph Howard & Co. a lot of mill stuff, amounting to $1,490.19, and this action was brought to recover the price. The defendant Joseph Howard pleaded that he had made certain payments not credited on the account and also that certain of the goods were spoilt when received. The defendant Lina Howard, his wife, pleaded that she had retired from the firm before the goods sued for were bought, and that the plaintiff had notice of this. Issues were joined, and on the final hearing the circuit court entered judgment in favor of the plaintiff against Joseph Howard for $899.19, and dismissed the petition as to Lina Howard. The plaintiff appeals.

The firm of Joseph Howard & Co., consisting of him and his wife, Lina Howard, had dealings with the plaintiffs before the bill of goods was bought. She testified that after this, and before the purchase of the bill of goods in question, she retired from the firm and gave the plaintiffs notice of this. The plaintiffs denied all this. The only proof that the notice of dissolution of the firm was given is the testimony of Joseph Howard that he wrote a letter to the plaintiffs to this effect. He does not state that the letter was mailed to them properly stamped

and addressed. Mrs. Howard makes, in substance, the same statement as her husband, and the objection to her testimony should have been sustained for the reason that both of them cannot testify to the same fact. The plaintiffs testify that no such letter was received, and this testimony is confirmed by the subsequent conduct of both the parties. In 30 Cyc. pp. 671 and 674, the rule on the subject is thus stated: "Those who have had dealings with and given credit to the partnership during its existence are entitled to personal or actual notice of its dissolution." "The burden of proving notice is on the partner. Notice of dissolution may be given by mail, and in case proper mailing is shown the presumption arises that the notice reached the addressee; but if such presumption is rebutted by evidence that it did not reach him, the attempted notification is ineffective." To the same effect, see Proctor v. Ray, 194 Ky. 749, 240 S. W. 1063, and cases cited; Benge's Adm'r v. Garrison, 198 Ky. 450, 248 S. W. 1050.

In this case the proof for the defendants fails to show that the letter referred to was mailed properly stamped and addressed. In addition to this, the evidence clearly shows that the fact that Mrs. Howard was a member of the firm was stated to the plaintiffs in a letter to give the firm credit. Although the plaintiffs had numerous interviews with the debtors in an effort to collect the debt, this defense was never presented until the suit was filed, and no reason appears why so important a fact was not sooner disclosed. The court therefore concludes that the judgment in favor of Mrs. Howard is unwarranted by the evidence. The business continued to be done in the name of Joseph Howard & Co. He says that his son took his wife's place, but in such cases unequivocal notice should be given, and when denied must be proved by the preponderance of the evidence.

On the question of credits allowed by the court the evidence is conflicting. The proof for the defendant shows, not only that the goods were defective, but that this was called to the attention of the plaintiffs, and they agreed that he should do the best he could with them and they would credit him by the difference. The court must give some weight to the finding of the chancellor, and on this question of facts the court cannot disturb his finding under the evidence.

The judgment in favor of Mrs. Howard is reversed, and the cause is remanded to the circuit court for a judgment against her, as above indicated.