## H. C. Whitmer Co. v. McClung et al.

(Decided Feb. 21, 1933.)

B. S. HUNTSMAN for appellant.

LOGAN & LOGAN for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On March 14, 1928, the appellant, the H. C. Whitmer Company, a corporation of Columbus, Ind., and E. E. McClung, of Smith Grove, Ky., entered into a written contract (which was technically termed "credit agreement"), whereby the H. C. Whitmer Company was to sell to McClung, on a credit at wholesale prices, certain merchandise, which McClung was to retail to customers and to pay the company for such merchandise, as set out in the agreement.

It was the custom of the company to require surety or guarantors for the faithful performance of such contracts, and J. E. Williams and O. E. Miller signed the contract of agreement, whereby they guaranteed the faithful performance of the same, which, of course, included payments for the merchandise, as stipulated in the agreement. The agreement provided for a method or manner by which McClung or his guarantors may be released therefrom, which is set out in the concluding paragraph of the agreement as follows:

"This agreement is subject to acceptance at the home office of the company, and to continue in force

only so long as his account and the amount of his purchases are satisfactory to said Company, provided, however, that said E. E. McClung or his guarantors may be released from this agreement at any time by paying in cash the balance due said Company on account."

McClung failed to make payments as stipulated in the contract.

On April 1, 1932, the appellant instituted this suit in Warren circuit court against the appellees E. E. McClung and his guarantors, Williams and Miller, seeking to recover of them jointly and severally the sum of $1,062.95, the alleged sum in default. The defendants filed answer, traversing the allegations of the petition, and in a separate paragraph of the answer, J. E. Williams denied responsibility on the contract, alleging that on the —— day of October, 1929, he mailed to the plaintiff, Whitmer Company, a letter addressed to its office at Columbus, Ind., in which letter he advised the plaintiff that he desired to be and that it (plaintiff) must consider him released from any future liability on said credit agreement from the date his letter should be or was received by the company, and by reason of having so notified the company, that he was not responsible for any goods or merchandise sold or delivered to McClung after receipt of the letter.

The case came to trial, and much evidence was introduced pro and con with reference to the letter, as to whether or not the company received it. The trial court submitted to the jury for its findings as to the amount of indebtedness owing to the company and the issue as to whether or not the company received the letter, which J. E. Williams claimed he mailed to it, and instructed the jury, in substance, that if they believed from the evidence the company received the letter, Williams was not responsible for any goods or merchandise sold or delivered by it to McClung after the receipt of the letter. The jury found for the defendant Williams and against the defendants E. E. McClung and O. E. Miller in the sum of $936.75, and judgment was entered accordingly, from which appellant prosecutes this appeal as to J. E. Williams.

In appellant's motion and grounds for a new trial they insisted that the judgment should be reversed as

to Williams, and assigned the following reasons: (1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to the law of the case; (3) and (4) complain of the court's ruling on evidence; and (5) the court erred in refusing to peremptorily instruct the jury to find a verdict for the plaintiff.

The question to be determined is whether or not J. E. Williams, as guarantor or surety to the company, was released from his obligations by reason of the letter which he claimed he mailed to the company in October, 1929; and this depends upon whether or not the evidence is sufficient to establish the fact that the company received the letter. Williams does not seem to be positive whether he addressed the letter to Columbus, Ind., or Columbus, Ohio. But assuming that the letter was properly addressed and mailed, it only created a presumption that it was received. F. C. Whitehouse, Burl F. Buckner, and Milton Denton, president, secretary-treasurer, and sales manager, respectively, for the company, all testified that the company did not receive the letter, date of October, 1929, relied on by Williams. Whitehouse, the president of the company, further testified that no one except himself had the right or authority to release the guarantors; that he nor the company did not receive the alleged letter or other notice from Williams, except a letter written in February, 1932, just prior to the institution of this action and after the debt sued on had accrued. There is evidence in behalf of Williams to the effect that he had discussed the alleged letter with some agent of the company, but it is not shown that the agent communicated this information to the company or that the agent had the authority to release him.

The only proof to raise the presumption that the company was notified of Williams' desires or intentions to withdraw from the agreement as guarantor is the alleged letter; and the burden being on Williams to establish the fact that the company received the letter, and in view of the company, by its agents and representatives, denying the receipt of the letter, and in the absence of other proof to establish that fact, it follows that Williams utterly failed to establish his defense. Home Insurance Co. of N. Y. v. Roll, 187 Ky. 31, 218 S. W. 471; Crab Orchard Banking Co. v. Saunders, 174 Ky. 68, 191 S. W. 652, 656; Benge's Adm'r v. Garrison et al., 198 Ky. 447, 248 S. W. 1050.

In the case of Crab Orchard Banking Co. v. Saunders, supra, the court said:

"While the mailing of a letter to a person at his address, postage prepaid, creates a presumption of fact that it was received by such person as soon as it would be transmitted to him in the usual course of the mails, this presumption may be rebutted, and if the person to whom it was addressed denies its receipt, then the only evidence that the party received it is the mailing of the letter, and if the letter was intended as a notice, the party then claiming to have given notice by such means must fail upon the issue as to whether or not the notice was served."

To the same effect, Continental Ins. Co. v. Hargrove, 131 Ky. 837, 844, 116 S. W. 256; Springfield Fire & Marine Ins. Co. v. Jenkins, 9 Ky. Law Rep. 932; Ry. Officials & Employees' Asso. v. Beddow, 112 Ky. 184, 65 S. W. 362.

In view of the facts disclosed by this record, measured by the law cited herein, it is our conclusion that the trial court erred in submitting to the jury appellee Williams' defense so far as notice to the company is concerned and that the verdict of the jury is not supported by the evidence nor the law of this case. Upon a return of this case, if a retrial is had, and the evidence is substantially the same as in the former trial, the court will peremptorily instruct the jury to find for the appellant.

Judgment is reversed and remanded for proceedings not inconsistent with this opinion.