## Mrs. W. R. Klappert Moving & Storage Warehouse v. Muehlenkamp et ux.

(Decided Nov. 27, 1934.)

SAWYER A. SMITH for appellant.

JOHN L. CUSHING, A. G. RIESENBERG and L. H. STELTEN-POHL for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In 1930 and some time prior thereto, Walter R. Klappert was engaged in the moving and storage warehouse business in Covington, Ky. Mr. Klappert died in August, 1931, and after his death his wife, Caroline Klappert, appellant herein, continued to manage and operate such moving and storage business. In the lifetime of Mr. Klappert, appellees, E. B. Muehlenkamp and his wife, Frieda Muehlenkamp, on November 10, 1930, stored in Klappert's warehouse certain household goods and paid the charges for placing the goods in the warehouse, and $4, the first month's storage. A warehouse receipt was issued in the usual form to Mrs. E. R. Muehlenkamp, who stored the goods, but she failed thereafter to make further payments for the storage, and made no inquiry about the property so stored until October, 1932, and after the property had been sold by Mrs. Klappert for the storage charges under the provisions of section 4778, Kentucky Statutes, which reads:

"*Sale of Property to Pay Storage; Notice.*—

Any property in a warehouse upon which the charges have not been paid for twelve months after the same have become due, unless otherwise provided by contract, the warehouseman may sell such property, or enough thereof to pay the charge at public auction, at the warehouse or at the courthouse door of the county in which the warehouse is situated. Before any such sale shall be made, the warehouseman shall cause the sale of the property to be advertised for not less than twenty days before the day of the sale, by printed notices posted at the door of the courthouse of the county, and in three or more public places in the county where the sale is to take place, and by having such notice published at least once a week for at least three weeks in a newspaper of general circulation in the county where the warehouse is situated. Such notice shall contain the day and place of sale, a description of the property to be sold, if known; if not, a description of the package in which it is

contained, the amount of charges and the name and place of residence of the owner, if known; and the warehouseman, at least ten days before the day of sale, shall mail to the owner a notice of the time and place of sale, with a description of the article to be sold and amount of charges.''

The warehouse receipt issued to Mrs. Muehlenkamp, inter alia, provides:

''That all goods so deposited, upon which storage or other charges are not paid within a reasonable time, will be sold at my warehouse, to pay said accrued charges and expenses of sale, after due notice and publication of the sale according to the Statute of Kentucky in such cases made and provided.''

In October, 1932, E. B. Muehlenkamp called at the warehouse, and he was advised that the property had been sold for storage charges, which was $68, whereupon he and his wife, Mrs. Muehlenkamp, instituted their joint action in the Kenton circuit court to recover of Mrs. Klappert the value of the property. The case was tried before a jury, and resulted in a verdict and judgment for appellees, plaintiffs below, in the sum of $341, and from that judgment appellant has moved for an appeal to this court.

One ground urged for reversal is that the trial court erred in failing to sustain the demurrer to plaintiffs' petition. The action is based upon the alleged noncompliance of the statute, supra, which in part reads:

''* * * And the warehouseman, at least 10 days before the day of sale, shall mail to the owner a notice of the time and place of sale with a description of the article to be sold and amount of charges.''

The allegations of the petition relating to the notice required by the statute to be mailed to appellees are in this language:

''Plaintiffs say further that the sale above mentioned was not conducted in accordance with the laws of the State of Kentucky in such cases made and provided, in that they received no actual notice by mail or otherwise of the time and place of said sale as required by the laws of the State of Kentucky.''

It is insisted for appellant that the allegation that the sale "was not conducted in accordance with the laws of the State of Kentucky" is not a statement of fact, but a mere conclusion of the pleader; and the allegation that the appellees "received no actual notice by mail or otherwise of the time and place of the sale as required by the laws of the State of Kentucky" is not an allegation that the warehouseman did not, "at least ten days before the day of sale, * * * mail to the owner a notice of the time and place of sale," which is the language of the statute.

Appellees virtually concede that the first allegation above quoted is a conclusion of the pleader, but insist that the latter one is a statement of fact and in compliance with the statute. We are unable to concur with counsel for appellees in their construction of this statute. The statute in question does not require the warehouseman to notify the owner of the time and place of sale, but merely requires the warehouseman to mail to the owner a notice of the time and place of sale. This statute must not be confused with those requiring actual notice. Where actual notice is required, it is incumbent upon the party whose duty it is to give such notice to see that such notice is actually received by the party entitled to such notice. Appellees, plaintiffs below, did not allege that appellant did not mail to them a notice of the time and place of sale, but that "they received no actual notice by mailing or otherwise." All this statute contemplates is that the warehouseman shall mail such notice, and that, if such notice was mailed, the statute was complied with, and it is immaterial whether or not appellees received the notice. In the absence of an allegation that Mrs. Klappert failed to mail the notice in question, our conclusion is that the petition did not state a cause of action, and the trial court erred in failing to sustain the demurrer thereto.

It is next insisted for appellant that her motion for a directed verdict at the conclusion of the evidence should have been sustained because appellees failed to show that appellant did not comply with the requirements of the statute respecting the notices of sale. It is conceded that all notices required by the Statutes were published except the one required to be mailed to the owners. Appellees denied having received any notice by mail or otherwise, and it is argued that the fact that they did not receive such notice is some evi-

dence that the notice was not mailed as claimed by appellant, and in support of this contention they rely upon the cases of H. C. Whitmer Co. v. McClung et al., 247 Ky. 625, 57 S. W. (2d) 648; Crab Orchard Banking Co. v. Sanders, 174 Ky. 68, 191 S. W. 652; Benge's Adm'r v. Garrison et al., 198 Ky. 447, 248 S. W. 1050. That line of cases, supra, deals with questions where actual notice is required and such notices alleged to have been mailed by the party whose duty it was to give such notice to the party who was entitled thereto and the person to whom the notice was addressed denied having received such notice. In such cases the rule is that, if there be no evidence of the required notification other than mailing of the notice, such mailing only creates a presumption that the notice was received, but, if the person to whom it was addressed deny having received such notice, the presumption that it was received is thereby overcome, and consequently there is a failure of proof of notice. Then, by analogy of reason, in the case at bar and similar cases, if the person to whom the notice was mailed denies having received such notice, it creates the presumption that such notice was not mailed; but, when the sender of the notice testifies positively that he mailed such notice, the presumption that it was not mailed is thereby overcome, resulting in a failure of proof that such notice was not mailed.

Appellees base this action upon noncompliance with the statute, and the burden was on them to prove such alleged noncompliance, and which burden they have failed to sustain, in that they failed to show that appellant did not mail the notice required by the Statutes.

It is also insisted for appellant that appellees were not entitled to maintain this action without first having paid or tendered the $68 storage, which charge is not denied by appellees. Whether or not appellees could maintain their action without having first paid or tendered the storage we express no opinion. But, in the circumstances, appellant was entitled to have her storage charges adjusted. While the statute does not in expressed words provide for a lien against property stored with a warehouseman, yet its purpose and intent amounts to such. At common law, warehousemen are given a lien on property stored with them, and, conceding that the statute is silent on the question of a lien, it does not abrogate the common-law lien, and it is

our conclusion that the warehouseman is entitled to a lien on the property stored for the charges thereon. It would not be contended that the owner of property stored with a warehouseman could take the property therefrom without first having paid the charges. It follows then that, if the property cannot be delivered to the owner in kind by the warehouseman because of wrongful disposition or destruction of same under circumstances for which the warehouseman would be liable, the value or proceeds of such property would represent the property in kind, and there would be no more reason for taking the value or proceeds of the property without paying the charges than there would be to take the property in kind without paying such charges. If another trial of the case is had, the storage charges should be adjusted in connection therewith.

For reasons indicated, the motion for an appeal is sustained, appeal granted, and the judgment is reversed and remanded, with directions to sustain the demurrer to the petition with leave to amend, and, if upon another trial the evidence is substantially the same as in the present one, the court will direct a verdict for appellant, defendant below.