HODGES v. CONDRON.

No. 31008.    Oct. 19, 1943.

142 P. 2d 119.

A. E. Montgomery, of Tulsa, for plaintiff in error.

B. A. Hamilton and Eben L. Taylor, both of Tulsa, for defendant in error.

Dudley, Duvall & Dudley, of Oklahoma City (Milsten & Milsten, David R. Milsten, and James D. Johnston, all of Tulsa, on the brief), amici curiae.

WELCH, J.    Condron was plaintiff and Hodges was defendant in the trial court. We refer to them herein as they appeared there.

In June, 1936, plaintiff, for hire, stored household goods with defendant warehouseman under usual written warehouse receipt and contract. Plaintiff then gave her address as 1115½ South Main, Tulsa. Plaintiff moved to Dallas, Tex., and in the early months of 1937 advised defendant by letter of her new address. Same was then given as 619 N. Bishop, Dallas, Tex.

On August 16, 1937, defendant sent plaintiff by registered mail the statutory notice that her goods would be sold for nonpayment of charges. Such notice was duly returned unclaimed. The defendant in due time advertised the goods for sale on September 16, 1937. It is proven and conceded that the statutes with regard to notice and advertisement as above stated were fully complied with.

In June, 1937, plaintiff resumed her work and residence in Tulsa. She gave defendant no notice in any manner of a changed address until some two or three days prior to September 16, 1937.

At that time plaintiff and a friend were discussing their plans to shortly obtain the goods from the warehouse, in the presence of Mr. Chambers, an attorney in Tulsa. It seems that Mr. Chambers there learned that the warehouseman's charges were in arrears. Mr. Chambers thereupon called the manager of the warehouse as plaintiff's representative. We quote Mr. Chambers' testimony relative thereto as follows:

"A.    Well, in the afternoon I called Hodges' office and asked for the manager and someone came to the phone and I told them who I was, and I said, 'I am inquiring about some household goods or furniture or something that

Mrs. Condron has stored in your storage house,' and so the party to whom I talked who said he was the manager, and he said 'Wait a minute,' so in a little bit he came back and he said, 'We don't have anything in her name,' and I said, 'You must be mistaken,' and he said, 'Well, wait a minute,' and left the phone again and in three or four minutes he returned and said, 'Yes, we have some household goods, boxes of furniture or something belonging to her.' 'Well,' I said, 'Just want to tell you that she is going to take that out this month and would like to know what the charges are.' So whoever was talking said, 'Where is she now?' I said, 'She is working for the General Tire Company at Fifteenth and Boston,' and I said 'She rooms or lives at 12 East Twelfth Street.' 'Well,' he said 'Will she pay this by the *fifteenth* of this month?' I said, 'Why, I don't know. I don't know when she gets her check, but she has a good job and' I said, 'I will personally guarantee the bill, that it will be paid this month.' And that was all of the conversation. He didn't say yes, or no, and just said they had it and left me believing that it was all right."

Testimony of two of defendant's witnesses sharply contradicts Mr. Chambers and was to the effect that the pending sale was fully discussed. If material, however, to this opinion, we must take Mr. Chambers' testimony as true in view of the general verdict in plaintiff's favor.

The sale was had on September 16th as advertised, and plaintiff's testimony is to the effect that she had no actual advance notice or knowledge of the sale until several days after sale was made.

Defendant asserts upon appeal that the instructions given placed upon the warehouseman the duty to suspend or call off the sale and give plaintiff new statutory notice upon learning of her new address just two or three days before the sale date as fixed in the advertisement.

In answer plaintiff denies such effect of the instructions and asserts that she did not contend during trial, nor does she upon appeal contend, such to be the law.

She asserts that it was and is now her theory that defendant's conduct immediately before the sale was such as to wrongfully deprive her of her statutory right to redeem the property at any time before the sale by payment of the charges and costs.

The trial court gave the following instructions:

"You are instructed that the defendant in receiving and storing the goods of plaintiff for hire was acting in the capacity of a warehouseman, and as such warehouseman the defendant had a lien upon the goods of plaintiff so stored for all lawful charges for such storage; and you are further instructed that in the event the plaintiff failed to pay the lawful storage charges due to defendant under the contract of storage, then and in such event, the defendant had the right to sell the goods of plaintiff so stored with defendant in satisfaction of such storage charges and said lien, provided that the defendant made such sale in compliance with the manner and method prescribed by section 12974 of Oklahoma Statutes, 1931, and after having first given to plaintiff the notice required by said statute, as follows:

" 'The warehouseman shall give a written notice to the person on whose account the goods are held, and to any other person known by the warehouseman to claim an interest in the goods. Such notice shall be given by delivery in person or by registered letter addressed to the last known place of business or abode of the person to be notified. The notice shall contain:

" '(a) An itemized statement of the warehouseman's claim, showing the sum due at the time of the notice and the date or dates when it became due.

" '(b) A brief description of the goods against which the lien exists.

" '(c) A demand that the amount of the claim as stated in the notice and of such further claim as shall accrue, shall be paid on or before a day mentioned, not less than ten days from the delivery of the notice if it is personally delivered, or from the time when the notice should reach its destination, according to the due course of post, if the notice is sent by mail; and

" '(d)  A statement that unless the claim is paid within the time specified the goods will be advertised for sale and sold by auction at a specified time and place.'

"You are instructed that if at the time of the receipt of the goods of plaintiff by defendant, the plaintiff furnished to defendant the address of her place of business or abode, and at any time thereafter said plaintiff changed such address and prior to the sale of her goods by defendant, notified the defendant, either in person or by any other person, that she had changed her place of business or abode and gave to defendant notice, either in person or by some other person, the correct address of such new or changed place of business or abode of plaintiff, and said defendant sold the goods of plaintiff, without giving prior to such sale notice thereof to plaintiff, then, and in such event, your verdict will be for the plaintiff."

"You are instructed that if you find from the evidence that the defendant sold the goods of plaintiff stored with the defendant and did not give the plaintiff prior to such sale the written notice of such sale as described in the preceding instruction, either by delivering such notice in person to said plaintiff or by registered letter addressed to the last known place of business or abode of plaintiff known to defendant, then and in such event, your verdict will be for the plaintiff."

In view of the fact that the evidence and admissions on the part of both parties showed without dispute that no such notice as is described in the above instructions was given or could have been given between the time notice of changed address was claimed by plaintiff to have been given (two or three days before the sale, no other such notice being claimed or shown) and the date of the sale, we cannot escape the conclusion that such instructions were equivalent to an instructed verdict for the plaintiff, assuming that the jury believed only that Mr. Chambers told the warehouse manager Mrs. Condron's new address at the time of the telephone conversation above shown.

We will assume that the jury did so

accept Mr. Chambers' testimony in that regard, and direct our attention to the applicable law.

81 O. S. 1941 § 306 provides for written notice to be given in person or by registered mail, and thereafter, if charges remain unpaid after the time specified therein, provision is made for notice of sale by publication. Under that statute no other notice is required and the statutory requirements are fully served whether the property owner received the registered notice or not. Norton v. Lyon Van & Storage Co., 9 Cal. A. 2d 199, 49 P. 2d 311 (certiorari denied 293 U. S. 662, 80 L. Ed. 1387); Klappert Moving & Storage Warehouse v. Muehlenkamp, 256 Ky. 506, 76 S. W. 2d 597; Moline v. Queensboro Storage Warehouse, Inc., 278 N.Y.S. 179; Hackett v. Nelson Express & Storage, 294 N.Y.S. 905.

In the present case it is clear and undisputed that such notice and publication had been completed in strict conformity with such statute.

Some two or three days before the date set in the published notice, this plaintiff informs defendant of a new address. Nowhere does the statute provide that the receiving of such information, after full compliance with the statute as to notice, shall operate to nullify the notices and proceedings already taken thereunder. We know of no authority to that effect, and indeed it is not so contended by plaintiff, yet, as may be seen, the jury in order to find a verdict for plaintiff needed go no further in its fact-finding sphere than to conclude that Mr. Chambers in the above telephone conversation told defendant of Mrs. Condron's new Tulsa address. Such finding alone, coupled with the undisputed fact that no new statutory notice was given, would have compelled a verdict for plaintiff under such instructions.

We conclude that there is reversible error in the giving of instructions as above shown. We express no opinion as concerns plaintiff's contentions to the effect that defendant's conduct resulted

in wrongfully depriving her of the right given her by 81 O. S. 1941 § 306 to reclaim the goods by payment of charges at any time before sale, nor as to her contention that defendant agreed not to sell the goods. Whatever our views might be in that regard would not affect our disposition of this appeal, and we would not be justified in anticipating error in any future proceedings which may be had in the cause.

Judgment reversed, and cause remanded for new trial.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.