## Breslin v. Sprigg.

(Decided March 21, 1922.)

### Appeal from Hardin Circuit Court.

Appeal and Error—Finding of Court.—It is a well recognized rule that where the facts are submitted to the court in a common law action, the finding of the court is entitled to the same weight as the verdict of a properly instructed jury.

G. K. HOLBERT for appellant.

H. L. JAMES for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee Sprigg filed this action in the Hardin circuit court against appellant Breslin charging that he and Breslin had entered into a contract by which the latter had employed Sprigg to work for him at $200.00 per month, straight time, beginning September 15, 1919; that pursuant to said contract he did begin to work for Breslin on the 15th of September, 1919, and continued in his employ up to the 5th day of April, 1920; that said services at the rate of $200.00 per month amounted to $1,333.33 for said time, and that he had been paid on said services only $442.50, leaving a balance due him of $890.83.

By answer Breslin denied that he had employed Sprigg by the month, or in any way, except to do some special work, and averred that he had paid him in full for all services rendered. A trial was had, a jury being waived and the law and facts submitted to the court, who found for the plaintiff Sprigg $853.33. In the judgment the court makes a separate finding of fact and law in the following form:

"The court finds as a fact that prior to September 15, 1919, in said year, the defendant employed the plaintiff, W. C. Sprigg, to begin work for him on September 15, 1919, straight time, at two hundred dollars per month; that said contract continued in force until and including April 5, 1920. The court further finds that the defendant paid said Sprigg $342.50 for services rendered within said time, and that said Sprigg was paid $137.50 for services rendered to others within said dates.

"The court finds as a matter of law that plaintiff is entitled to recover the amount claimed in his petition, $1,333.33, less said sums above stated, which are $480.00, in the aggregate, with interest."

This finding is fully supported by the evidence although there is evidence to the contrary. Sprigg testified that on a certain day, and at a certain place in Elizabethtown, he and Breslin entered into a verbal contract by which Breslin was to pay him $200.00 per month for his services, straight time, and was to provide him with work, and that in pursuance to that contract Sprigg entered upon the work and performed such as Breslin gave him to do, and although he was offered other positions at good wages, Breslin persuaded him not to accept other employment but to continue in his employment; that he worked from September 15th to April 5th, and that he had been paid only the sum of $442.50, and that there was

then due him from Breslin the sum of $853.33. Sprigg was the only witness who testified in chief for the plaintiff.

Breslin took the stand in his own behalf and testified that he did not employ Sprigg by the month, but only to do special jobs; that he did not promise to pay him $200.00 per month, or any other specified sum, and that while Sprigg had done some work for him he had paid him in full. In rebuttal a witness named Adams was called, who testified that on one occasion Breslin had sent word by the witness to Sprigg that he wanted to see him and make a settlement, and this evidence supports the statement of the plaintiff Sprigg. This was all the evidence heard on the trial. The court decided that the plaintiff Sprigg was entitled to recover, and so adjudged. The evidence for the two parties was almost exactly contrary and numerically of the same strength, except that Adams was called in rebuttal. It, therefore, became a mere matter of credibility, and the trial court decided that Sprigg had related the facts.

It is a well recognized rule that where the facts are submitted to the court in a common law action, the finding of the court is entitled to the same weight as the verdict of a properly instructed jury. Coleman v. Meade, 13 Bush 358; Hall v. Roberts, 24 Ky. L. R. 2362.

We would not be authorized, therefore, to disturb the finding of the court in this case unless it were flagrantly against the weight of the evidence.

Finding no error to the prejudice of appellant Breslin the judgment is affirmed.