### Proctor v. Ray.

(Decided May 12, 1922.)

### Appeal from Warren Circuit Court.

1. Evidence—Mailing and Delivery of Mail Matter.—Proof of the mailing of a letter duly stamped and properly addressed to the known residence or place of business of the addressee is a relevant circumstance which, if not sufficiently rebutted, will authorize the jury or other trier of the facts to find that the letter was received in due course by the addressee.

2. Appeal and Error—Finding of Court.—Evidence examined and held to present the question of fact as to whether the letter was received by the addressee, and the finding of the trial court that it was received is to be treated as having the same force and effect as the verdict of a properly instructed jury.

HERNDON & ROPER and B. F. PROCTOR for appellant.

BRADBURN & HARLIN for appellee.

Opinion of the Court by Judge Moorman—Affirming.

On January 1, 1918, appellant, B. F. Proctor, leased to appellee, P. W. Ray, a house and lot in Bowling Green for one year. Appellee occupied the property during the term of the lease but it appears that the rents were not promptly paid and it was occasionally necessary for appellant to make demands for the payment of rents then overdue. On April 1, 1919, the parties entered into a new contract of rental for one month, beginning April 1st and ending May 1, 1919. It was stipulated in the contract that if the appellee occupied the property longer than one month the contract was to be regarded as running from month to month on the same terms as stated in the contract of that date. It was also provided that the rent should be paid without demand and if the appellee failed to pay the rent when due, appellant might enter the premises according to law without any notice to appellee whatever.

Appellee continued to occupy the premises until April, 1920, paying the regular monthly rental of $20.00. On April 20th, stating his reasons for so doing, appellant wrote appellee, "I will be compelled to charge you $25.00 beginning with May 1st. That makes but $300.00 a year 6% gross on my price for the property and no man can maintain it for less than 10%." Appellee testified that the letter was received and that he replied to it on April 24th, as follows:

"Your letter of the 20th just at hand. I am willing to pay the rent as you suggest at $300.00 per year as everything has gone up and while I rented your house at $240.00 per year when it had stood empty for some time I do not object to the raise of $60.00 per year at the present time. I will mail a check for $25.00 after May 1st as requested."

Appellant testified emphatically that he never received the original of the letter quoted, although it is admitted that he was in Bowling Green at the time it was sent. Appellee said that he inclosed the original in an envelope, properly addressed and stamped, and posted it. On June 5, 1920, appellee mailed to appellant a check for $25.00 for the May rent which was received and collected. On June 30th, another check for the same amount was mailed to appellant and was received, endorsed and deposited to the credit of appellant's wife. On July 7th it was returned and charged to her account for lack of funds

to pay it. It, however, was again presented on July 20th, and paid. On July 16th, appellant wrote appellee the following letter:

"Your last check for rent was returned unpaid for lack of funds. Under the terms of your contract that vacates your lease but under ordinary circumstances I would not insist upon it but the facts are that Dr. Edgerton, president of Odgen College, is in my house with his family and nowhere to go and is a stranger. He wanted to buy the house right now and I refused to price it to him, but have rented it to him for one year with the conditional sale of it. He pays forty dollars per month in advance. It is convenient to his work and he insists upon buying it. I expect he will take it at the end of a year if not sooner. I have promised him possession at the end of this month, or sooner if you can let me have the property sooner. I hope you will appreciate my position. I like your family and yourself and as I said under ordinary circumstances would not rent or sell to any one else. I will expect possession by August first."

On receipt of the letter appellee called on appellant and informed him that he would not vacate the property, and on July 21st appellant gave appellee formal notice to vacate it on or before August 22nd. Appellee declined to deliver possession on that date and on August 24th appellant instituted a forcible detainer proceeding in the court of a justice of the peace. On the hearing in that court restitution of the property was adjudged and from that judgment appellee appealed to the circuit court. On the trial in the circuit court, without the intervention of a jury, the detainer was denied and it was adjudged that the contract of rental did not expire until April 1, 1921. From that judgment this appeal is prosecuted.

The question to be determined is whether the occupancy of the property at the time of the institution of this proceeding was under the contract of April 1, 1919, that is whether the rental contract was by the month, or whether the letters of April 20th and April 24th, constituted a lease for one year beginning May 1, 1920. With respect to the latter theory it is necessary to determine the effect of the testimony relating to the letter of April 24th.

If the letter of April 24th was received by appellant there is no question that the contract of lease was for a year beginning May 1, 1920, for after its receipt appellant accepted the rental of $25.00 a month and confirmed

appellee's understanding of the proposition contained in the letter of April 20th. That the language of the letter of April 20th is susceptible of the construction that appellant proposed to rent the property for one year at the monthly rate of $25.00, is open to doubt, but, whether it is or is not, if appellee wrote the letter of April 24th and it was received by appellant, who thereafter accepted the monthly rental without further discussion of the matter, a new contract was made. Appellant testified, however, that he never received the letter of April 24th, and it is argued, that the sending of the check for $25.00 rental for the month of May was nothing more than an acquiescence on the part of appellee in the proposed increase of the rent, and an indication that he would continue to occupy the property at the increased rate under the terms of the agreement of April 1, 1919. The contention is perfectly sound if the letter of April 24th was not received. The case turns upon that issue alone.

It is argued for appellant that his evidence to the effect that the letter was never received rebuts any presumption arising from the testimony of appellee that it was written, properly addressed and mailed with postage prepaid. The decisions of this court uniformly hold that proof of the mailing of a letter duly stamped and properly addressed to the known residence or place of business of the addressee is a relevant circumstance which, if not sufficiently rebutted, will authorize the jury or other trier of the facts to find that the letter was received in due course by the addressee. (Railway Officials and Employers Ass'n. v. Beddow, 112 Ky. 184; Sullivan v. Kuykendall, 82 Ky. 483; Continental Ins. Co. of N. Y. v. Hargrove, 131 Ky. 837; Benge's Admr. v. Eversole, 156 Ky. 131; Home Ins. Co. of N. Y. v. Roll, 187 Ky. 31.)

In the case at bar we cannot say that the testimony of appellant conclusively rebuts the presumption arising from the proof of the mailing of the letter of April 24th, with postage prepaid, properly addressed to him, or that there are not other corroborating facts or circumstances which made the question one of fact to be determined as other issues of that kind are decided. According to appellant, no reply to his letter of April 20th was received and no indication was given as to whether appellee would agree to the increase until the check for $25.00 was received on June 5th. The trial court may have considered that appellee informed appellant as to his decision with

reference to the proposition, otherwise appellant, within the six weeks before the check of June 5th was received, would have taken some steps to ascertain what appellee intended to do; and also that the acceptance of the check for $25.00 meant not only that appellee would pay the increased rental but also that appellant had theretofore received some communication from appellee indicating what his intention was.

The reasonable inferences to be drawn from these circumstances, added to the testimony of appellee as to the writing and mailing of the letter, were sufficient to make an issue of fact as to whether or not the letter was received. The finding that the contract of rental was for a year was tantamount to a finding that appellant received the letter of April 24th. On this issue the finding of the trial court is to be treated as having the same force and effect as that of a properly instructed jury. We cannot say that it is so flagrantly against the evidence as to authorize a reversal of the judgment. It is, therefore, affirmed.