## Oliver v. Clark, Sheriff, Etc.

(Decided June 9, 1925.)

### Appeal from Boyd Circuit Court.

1. Appeal and Error—Where Law and Facts are Submitted to Court, Judgment Treated as Verdict of Property Instructed Jury.— Where law and facts in ordinary action are by consent submitted to circuit court without jury, court's judgment is treated as verdict of properly instructed jury.

2. Evidence—Verdict Must be Supported by Evidence, and Cannot Rest Upon Mere Suspicion.—Verdict of jury must be supported by evidence, and cannot rest upon mere suspicion.

3. Trial—Judgment Must be Rendered Upon the Record.—Judgment, in case tried without jury, must be rendered upon the record, and not in the light of facts known to the court outside of the record.

4. Intoxicating Liquors—Evidence Held Not to Show Automobile, Claimed by Plaintiff, did Not Belong to Her.—Evidence held not to show that automobile, seized by officer, under Acts 1922, chapter 33, sections 12, 13, and claimed by plaintiff, whose son was driving it when seized, did not belong to her.

5. Intoxicating Liquors—Sale of Car Seized Held Unauthorized Until Owner of Car is Brought Before Court.—Sale of a car seized, because it contained whiskey, is not authorized by Acts 1922, chapter 33, sections 12, 13, until the owner of the car is brought before court.

6. Intoxicating Liquors—Automobile, Knowingly Permitted by Owner to be Used for Unlawful Transportation of Intoxicating Liquor, May be Sold.—Automobile, knowingly permitted by owner to be used by another for unlawful transportation of intoxicating liquor, may be sold, under Acts 1922, chapter 33, section 13.

B. S. WILSON for appellant.

JOHN F. COLDIRON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Appellant, Polly Oliver, brought this action against appellees alleging that she was the owner of one Overland touring car licensed under the registration number of 1777888, of the value of $500.00. She prayed judgment for the car and damages for its detention. Answers were filed controverting the allegations of the petition, and the case coming on for trial it was submitted on the law and facts to the circuit court without a jury on the single question of the ownership of the car by Polly Oliver, it being admitted that if the automobile belonged to her she was entitled to the relief prayed. The circuit court gave judgment in favor of the defendants; the plaintiff appeals. The proof shows that the defendants came in possession of the automobile in this way:

The defendants were officers of Boyd county. They had information that a delivery of moonshine whiskey was to be made at a certain point in the county on the following night. They went to the place and about eight o'clock Kelly Oliver, the son of appellant, drove up in this car with forty-seven gallons of whiskey in it. They seized the whiskey and the car under sections 2554a, subsections 12 and 13. The next morning Mrs. Oliver brought this suit against them to recover the car. The proof for her on the trial showed that her son, Kelly, about a year before owned a Chevrolet car, which he

wanted to sell for $600.00. He owed her $600.00 and she gave up to him the notes she had against him for the car. He turned over the car to her; the license was then made out in her name and it was run in her name from that time for about eight or ten months, when she concluded to trade it for an Overland. Her husband and Kelly made the trade for her, but she furnished the money which paid for the difference between the two cars. The bill of sale was made in her name and the license was taken out in her name for this car as had been done in the case of the Chevrolet. The car was kept at the home and used by the family. The old lady could not run the car herself. Her son Kelly operated it when she rode in it. She testified that the car was there about dark on the evening in question; that the next morning it was missing and that it was taken from her home without her knowledge or consent. The fact that she bought the Chevrolet car from her son is proved by her and by a neighbor who was present at the transaction and saw the notes delivered.

The Commonwealth showed that the reputation of Kelly Oliver was bad for moonshining; that he and his mother and father all lived in the same house. Being asked where she got the money to buy the car she said that she sold butter, eggs and the like and worked some on the farm. Kelly Oliver did not testify on the trial. The question put to the other witnesses by the defendants sought to show that Kelly used this car in his moonshining business and to prevent its being confiscated had put it in his mother's name, but there was no direct evidence of this.

It is well settled that where the law and facts in an ordinary action are by consent submitted to the circuit court without a jury, the judgment of the court will be treated as the verdict of a properly instructed jury; but the verdict of a jury must be supported by the evidence, it cannot rest upon mere suspicion. There is no evidence in the record contradicting the testimony for the plaintiff. There is no testimony that she did not have the money to pay for the car and no facts are proved showing that Kelly Oliver really owned the car or that the car was put in the mother's name for the fraudulent purpose of defeating his liabilities. The judgment may have been induced by facts known to the court outside of the record but judgment must be rendered here upon the record and this does not warrant the judgment.

The judgment is not rendered under subsection 12 of section 2554a (Acts of 1922), but under subsection 13, which warrants a judgment for the sale of the car in a proceeding like this, although there has been no conviction. But if Polly Oliver does not own the car and it is ordered sold as the property of Kelly Oliver, he should be brought before the court, for if he does not own the car the owner of the car will not be before the court and no sale should be ordered until the owner of the car is brought before the court. If Polly Oliver owned the car and knowingly or intentionally permitted the use of it for the purpose of the unlawful transportation of intoxicating liquors by Kelly Oliver, the car may be sold under subsection 13 as her property, under proper allegations and proof.

Judgment reversed and cause remanded for new trial and further proceedings consistent herewith.