## Corbin Building Supply Company v. Martin et ux.

(Decided May 26, 1931.)

C. R. LUKER for appellant.

H. C. CLAY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On July 17, 1929, the Corbin Building Supply Company, a corporation, hereinafter called the company, filed its petition in the Laurel circuit court against C. J. Sipple and Frank Martin, alleging that in the year 1928 it sold and delivered to Sipple certain lumber and building material for which he agreed and promised to pay the sum of $314.64; that it began furnishing building material on the 13th day of March and continued to do so until the 17th day of July; that, at the time of the filing of the petition and at the time the lumber and material were sold to him, Sipple was the owner of a tract of land containing about a quarter of an acre, on which the Lake Filling Station is located, and which is described in the petition as bounded by certain roads and property and located at the forks of the Dixie Highway and new graded road; that materials were used to erect a filling station situated on the land and were furnished by contract with Sipple as the owner thereof; that on the 17th day of July, 1928, it filed in the clerk's office of the Laurel county court a verified statement of the account for the purpose of asserting a materialman's lien on the property which statement was filed as an exhibit with the pe-

tition; that Frank Martin had some interest in the property, but that his interest was inferior to their claim.

The prayer of the petition is for a judgment against Sipple for $314.64 with interest from July 17, 1928; that a lien be adjudged and the property sold to satisfy the indebtedness, or, if the property be too valuable to sell for a small debt, that a receiver be appointed and the property rented out and the rent applied to the payment of the debt, and that Martin be required to set up any claim he might have to the property.

At the October term of court and on the 24th day of October, 1929, a default judgment was entered against both Sipple and Martin for the sum of $314.64, with interest from July 17, and the company was adjudged a lien on the property described in the petition, with directions for sale of same to satisfy the indebtedness.

At the same term of court, on the 11th day of November, 1929, another default judgment was entered, wherein it was adjudged that the company recover of Sipple the sum of $314.64, with interest, and the company was adjudged a materialman's lien on the land described in the petition, with directions for a sale of same to satisfy the judgment entered.

At the same term of court, on November 23, 1929, this action was consolidated with actions of other parties claiming to have liens upon the property. The order of consolidation was made upon the motion of Russell Flinchum, a party to one of the consolidated actions. In the order, it was recited that theretofore, during the same term a judgment had been entered ordering and directing the sale of the property, and that, upon motion of petitioner Flinchum, so much of the judgment as adjudged the company a prio lien upon the property and directed a sale thereof be set aside.

Thereafter, by separate answer and by rejoinder, Martin traversed allegations of the company's petition and reply to the answer and affirmatively alleged, in substance, that the action was not instituted for more than twelve months after the filing of the statement in the county clerk's office and therefore the lien could not be enforced; that he and his wife were purchasers of the land for value without notice or information of any lien or claim of the company; that it was conveyed to them by Imogene Best, October 11, 1928, and she had held it by record title since 1926; that the consideration except that evidenced by certain negotiable notes was paid

before they had any notice or knowledge of the company's claim and the outstanding notes had been negotiated by the grantor before that time.

By reply and surrejoinder, the company admitted that its petition was not filed until thirteen months after it filed its statement for lien, but alleged.that it was led to delay action at the request of both Martin and Sipple, who acknowledged the claim to be just and promised that they would pay same but wanted to avoid the additional cost of suit; that, by reason of these representations and promises, action was delayed and Martin was thereby estopped to plead or rely upon the delay. These pleadings traversed other affirmative defenses made by Martin.

On December 19, 1930, Martin entered a motion in the action to vacate and set aside, as to him the two judgments of date October 24 and November 11, 1929, hereinbefore referred to.

The consolidated causes were submitted to the court without the intervention of a jury, and oral evidence was heard. There was a conflict in the evidence as to whether Martin promised to pay the company's claim or requested that suit be delayed to save additional cost. and also as to whether he and his wife were purchasers for value without notice.

On final hearing, the court sustained Martin's motion to set aside and vacate as to him the two default judgments entered at the October term, 1929, and dismissed the petition of the company as amended against him and his wife, and adjudged that they recover their costs. The court overruled the company's motion and grounds for a new trial, and it is here on appeal as against F. C. (Frank) Martin and his wife, Nellie Martin.

.It is urged by appellant's counsel that the lower court erred in setting aside and vacating the default judgments entered at a former term of court. The default judgments entered in the October term, 1929, were modified before the end of that term in so far as they adjudged a lien on the property owned by appellees, to satisfy the claim of appellant, and there was no objection or exception to that order so far as the record discloses. Appellant is therefore in no position to complain of the court's action in that particular. But, even if there had been an objection to the court's action, we could not, in

the circumstances, say that the court abused its discretion. The power of the court to set aside default judgments during the term at which rendered is inherent and is not controlled by the provisions of the Code pertaining to new trials. Steuerle v. T. B. Duncan & Co., 221 Ky. 501 S. W. 205; Hackney v. Charles, 220 Ky. 574, 295 S. W. 869.

Appellant's petition did not state any facts on which a personal judgment against Frank Martin could be based and did not ask for any such relief as against him, but simply stated that he had some claim to the land, and made him a party for the purpose of asserting his claim.

The court had jurisdiction over Martin for one purpose only, and that to hear and determine any claim he might have to the property and to determine priority between that and other liens or claims against the land. The personal judgment against him cannot be justified on the grounds that the court having jurisdiction of him for that purpose might extend or exercise its jurisdiction for the purpose of rendering a personal judgment for any sum for which under pleadings he was not personally liable.

In the case of Prater v. Dingus, 230 Ky. 82; 18 S. W. (2d) 883, 884, it is said:

"Even between parties to the suit a default admits only what is well pleaded, and therefore, in order to sustain a judgment by default, plaintiff's petition must allege with clearness and certainty sufficient facts to constitute a good cause of action or show a right of recovery."

In the case of Dotson v. People's Bank, 234 Ky. 138, 27 S. W. (2d) 673, 674, it is said:

"It is a rule in this jurisdiction that a judgment is void if it adjudicates matters not embraced by the pleadings or within the issues raised."

In this case, it is not a question of improper or faulty pleading which attempts to assert a right of action as against Martin, but the petition clearly discloses that no right to a personal judgment against him exists, and no such relief is even asked. From the authorities cited, it clearly appears that the judgment against Martin is not merely erroneous, but is void. See, also, Freeman on Judgments (5th Ed.) pp. 740, 741. If it is void, it is a nullity, and the court properly set it aside upon the

motion of appellee at a subsequent term of the court. Section 763, Civil Code of Practice; Hughes v. Saffell, 134 Ky. 175, 119 S. W. 804; Stewart v. Model Coal Company, 216 Ky. 742, 288 S. W. 696; Hatfield v. Billiter & Wiley, 231 Ky. 736, 228 S. W. (2d) 129.

Appellant attempts to avoid the provision of the statute with reference to the time in which an action must be brought to enforce the lien by a plea of estoppel. The statute (section 2470) provides that the lien shall be deemed as having been dissolved unless an action shall have been brought to enforce same within twelve months from the day of filing the account in the clerk's office, as required by section 2468.

In the case of Hilliard v. Allen, 4 Cush. (Mass.) 532, the court, referring to such liens, said:

"This right is given by statute; and a peculiar remedy is prescribed for enforcing it, which is expressly limited to the term of six months. . . . The statute provides, in express terms (sec. 3), that the lien shall be dissolved at the expiration of six months, unless a suit for enforcing the lien shall have been commenced within six months. No considerations of equity, no suggestion that it would be better for all parties that the suit should be postponed, no parol agreement, and no covenant, however formal, short of a mortgage, amounting of itself to a new lien, can save it."

In Yeiser v. Todd, etc. (abstract opinion) 6 Ky. Law Rep. 595, 597, it is said:

"These are not statutes of limitation to be pleaded in bar of the action, but are limitations beyond which the lien does not extend."

See, also, Hyde Park Supply Company v. Peck-Williamson Company, 176 Ky. 513, 195 S. W. 1115.

We are cited to no cases in this state holding that the provision of the statute with reference to the time in which the action may be instituted may be waived, nor to any holding that a promise to pay or a request that action be deferred will operate to extend the time in which the action may be brought.

However, it is not necessary in this case to determine whether the provisions of the statute may be waived and the time for action extended because of the

fact that there is a sharp conflict in the evidence as to whether Martin promised to pay appellant's claim or requested that the filing of the action be delayed. The judgment recites that "by agreement oral evidence was introduced and the case heard by the court without a jury."

The trial judge heard the conflicting evidence on the issues raised and his judgment should be given the same weight as the verdict of a properly instructed jury. Breslin v. Sprigg, 194 Ky. 258, 238 S. W. 755; Proctor v. Ray, 194 Ky. 746, 240 S. W. 1063; Oliver v. Clark, 209 Ky. 519, 273 S. W. 46.

The findings of the trial court will not be disturbed by this court unless it is found to be flagrantly against the evidence. Proctor v. Ray, supra. There being sufficient evidence to support the judgment in this case, it will not be disturbed.

Determining the foregoing questions as we have renders it unnecessary to pass upon the other questions raised and argued by counsel.

For the reasons indicated, the judgment of the lower court is affirmed.