### Rubarts et al. v. Rubarts et al.

(Decided Oct. 16, 1934.)

696

E. C. MOORE, E. G. WESLEY and O. B. BERTRAM for appellants.

C. C. BAGBY and OLIVER POPPLEWELL for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On November 23, 1931, a paper purporting to be the last will and testament of Mary B. Allen was offered and duly probated as such in the Casey county court. Under the provision of this will, after the payment of all debts, testator gave her granddaughter, Irene Rubarts, certain household effects, and her home farm consisting of 43 acres, for life, with remainder in fee to the children of Irene Rubarts, but if she died without children surviving her the land should go to testator's daughters, Ella Rubarts, Bertie Rice, and Ethel Brown in fee. She gave the remainder of her estate to her three daughters above named, and stated that because she had formerly given her daughter, Lena Rector, $500 and other money and property, nothing was given the latter under the will.

On February 11, 1933, Ella Rubarts, Ethel Brown, and Bertie Rice appealed to the circuit court of Casey county from the order of the county court of November 23, 1931, probating the instrument in question as the last will and testament of Mary B. Allen. On May 22, 1933, Ella Rubarts and some of the other heirs at law of Mary B. Allen, deceased, produced in the county court a writing purporting to be the last will and testament of decedent, and moved the court to probate same as such. Irene Rubarts appeared in court and opposed the probation of the latter instrument. The court sustained her objection and overruled the motion of the propounders of the will, and from the order of the court refusing to probate such instrument, Ella Rubarts and

the other heirs offering the paper for probate prosecuted another appeal to the circuit court.

Under the last instrument offered for probate, nothing was given to Irene Rubarts. After directing payment of debts, all property was bequeathed to Ella Rubarts, Ethel Brown, and Bertie Rice. An order was entered in the circuit court consolidating the cases, and contestees filed a pleading styled "plea of former adjudication," in which they set up the proceedings and order in the county court probating the first will, and alleged that the order and judgment of the county court had never been reversed or set aside but still remained in full force and effect, and further alleged that the paper so probated on November 23, 1931, as the true last will and testament of Mary B. Allen was accepted by all the contestants, and on their motion Omar A. Brown, husband of Ethel Brown, and one of the contestants, was appointed executor, and contestants accepted property under the will and defended suits seeking to recover property the title to which they claimed under the will.

By a pleading styled "amended answer and response" contestees alleged that the will probated as set out in their original pleading was accepted by all the contestants, and they agreed in open court to abide by same provided Omar A. Brown was appointed executor; that he was appointed and proceeded to wind up the estate and made distribution of personal property, which contestants accepted and received under the will from the executor.

They pleaded the judgment and order of the county court and the acts and conduct of the contestants as above set out in bar and estoppel of contestants' right to contest the will.

Contestants filed a pleading styled "answer to plea of former adjudication," and also filed a reply to the amended answer and response in which they admitted that the first paper in controversy was duly executed by testator as her last will, and that same was probated in the county court, and Omar A. Brown qualified as executor. They denied all other allegations pleaded in bar and estoppel by contestees, but further alleged that long after the execution of the first will Mary B. Allen executed the last will which was in her own handwriting; that they permitted the first will to go to probate

without any defense or objection being offered because at the time they knew nothing of the existence of the later will; that they made diligent search and inquiry for a later will, but were unable to find one, but in February, 1933, Omar A. Brown received through the mail the later will inclosed in an envelope postmarked "Dunnville, Kentucky"; that it was immediately delivered to contestants and afterward offered for probate in the county court, but the probate thereof was refused.

Contestants demurred to contestees' plea of former adjudication and amended answer and response, but their demurrer was overruled; and on final hearing, contestees' demurrer to the answer to the plea of former adjudication filed by contestants to the amended answer and response of contestees was sustained, and contestants declining to further plead, it was adjudged that the appeal taken by contestants from the judgment of the county court probating the first paper and also the appeal taken from the judgment of the county court in refusing to probate the last paper offered, be stricken from the docket, and that contestees recover their costs. Contestants are appealing.

While some other questions are discussed in brief submitted by counsel for the respective parties, it is our view that a correct determination of this appeal depends in a measure upon the construction to be given subdivision 9 of section 518 of the Civil Code of Practice, which in part, and so far as is pertinent here, provides:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it— * * *

"9. When any paper purporting to be the last will of any person has been, or may be hereafter admitted to probate, and a later will has been discovered. * * * If the earlier will shall have been established by judgment of the circuit court on appeal from a judgment of the county court, the proceedings to vacate shall be instituted in the circuit court. The proceedings to vacate shall be by petition to which all persons interested in the earlier will shall be made defendants. If no appeal shall have been taken from the judgment of the county court probating the earlier will, the proceedings to vacate shall be instituted in that court. Provided,

however, that a judgment on the ground herein named shall not be vacated or modified until the validity of such later will has been determined in such proceedings to vacate or modify the former judgment as provided in section 520 of the Civil Code. * * *,,

Contestants allege in their pleading that after the first paper offered had been probated by the county court a later holographic will of the testatrix was found, but that at the time the first will was probated they knew nothing of the existence of this later will, although they made diligent inquiry to learn if a later will had been made by testatrix. On demurrer these allegations must be taken as true, and, so treating them, it is apparent that contestants were entitled to proceed as provided in section 518 of the Code. This, however, was not the only course left open to them. They had a right to prosecute their appeal from the order of the county court probating the first will to a final determination and to offer the later will and any other competent evidence available in opposition to the probate or establishment of the earlier will.

Since they did not pursue the course provided for by the Code with respect to the later will, and there is no authority for the procedure adopted by them, the court did not err in dismissing their appeal from the order of the county court refusing to probate the later will; but on the showing made by their pleading the chancellor clearly was in error in dismissing the appeal from the order probating the earlier will.

In reaching this conclusion we have not overlooked contestees' plea of former adjudication and estoppel, but without elaboration deem it sufficient to say that neither of these pleas is sustained by the record.

Judgment reversed, with directions to set aside the judgment dismissing the appeal from the order probating the earlier will, and for proceedings consistent with this opinion.