## Trivette et al. v. Johnson et al.

(Decided Feb. 8, 1935.)

W. K. STEELE for appellants.

J. E. CHILDERS, J. J. MOORE and H. S. SCOTT for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an appeal from a judgment sustaining the will of B. F. Johnson, based upon the verdict of a jury upholding the decedent's testamentary capacity. No useful purpose can be served by a detailed abridgement of the two volumes of testimony.

Appellants, who were the contestants below, assert that the verdict and judgment are void because both declare "that the will of B. F. Johnson, deceased, dated July 27, 1931, is the last will and testament of B. F. Johnson, deceased," when, in fact, the instrument proved was dated July 26, 1931. The error in dates was incorporated in the instructions through the clearly apparent oversight of the court. It was not incorporated in the appellants' motion and grounds for a new trial, and we would not feel that it was material, under the facts developed in this case, even if it were properly brought to our attention.

The next contention of appellants is that the lower court erred in the admission of an old will of the testator in evidence. One of the grounds upon which con-

testants based their attack on the probated will was the internal evidence of the will itself, in that it made an unequal disposition of the testator's estate. In response to this assertion, the propounders offered an old will, dated October 3, 1908, which likewise made an unequal division of testator's property at a time when he was admittedly of sound mind. The court admonished the jury that this will was "only competent as showing what the intention of Mr. Johnson was at that time with reference to whether or not he would make an equal division of his property." We think the admission of the prior will was proper, as so limited, and was relevant on the issue tendered by contestants. See Mussinon's Adm'r v. Herrin, 252 Ky. 495, 67 S. W. (2d) 710, and cases there cited.

The case of Central Trust Company v. Bennett, 208 Ky. 281, 270 S. W. 821, relied on by contestants, is not inconsistent with this view. The question determined in that case was that a will, other than the one in contest, could not be probated in the circuit court, when the contested will was thrown out, but that such other will must first be offered for probate in the county court and an appeal taken to the circuit court from the order admitting or denying its probate. The opinion shows (page 283 of 270 S. W., 208 Ky. 281) that copies of the prior wills there were read in evidence without objection. The only point determined was that these wills could not be offered for probate for the first time in the circuit court.

Section 4852 of the Statutes does not prevent the introduction in evidence of an unprobated testamentary paper, not offered as a will of a testator, but to establish a collateral fact. The paper offered in evidence here was not offered as the will of the testator, but as evidence that he had made unequal distribution of his property when admittedly sane—ergo, the unequal distribution made in the will in question showed no variation from his wishes when admittedly in possession of his normal faculties.

Appellants next say that the attestation of the will was not sufficient. Both attesting witnesses testified to an exact, literal compliance with the Statutes (Ky. Stat. sec. 4828). Each testified that the will was signed by the testator in his presence, and each signed in the presence of the testator. This was all that the law

required. Both witnesses attested the mental capacity of the testator at the time.

The evidence so preponderated in favor of the testator's mental capacity as to leave no question in our minds that Mr. Johnson had capacity to make a will at the time the one in contest was executed. There is nothing of substance to the contrary.

The instructions were in the usual form, and we are of the opinion that they conformed to the approved and correct practice.

Judgment affirmed.