## Anderson's Adm'x et al. v. Bourbon Agricultural Bank & Trust Co. et al.

## Josie Anderson Link v. Anderson's Trustee et al.

## Josie Alexander Endris v. Bourbon Agricultural Bank & Trust Co. et al.

(Decided June 16, 1936.)

R. W. KEENON, R. L. KESSINGER and J. A. EDGE for appellant.

D. D. CLINE, RAYMOND CONNELL, DICKSON, BRADLEY &. BLANTON, RALPH CONNELL and GENE LAIR for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Hugh D. Alexander died testate in June, 1927, a resident of Bourbon county, Ky., leaving as his only heirs at law a sister, Mrs. Lucy D. Anderson, and a niece, who is the appellant in this action.

The testator devised to the appellee, Bourbon Agricultural Bank & Trust Company of Paris, Ky., 75 shares of the capital stock of the bank in trust for the benefit of appellant, the income to be paid to her during her life and at her death the corpus to vest in her children. The remainder of his estate he devised in fee to Lucy D. Anderson, who later married a man named Everett and is now known as Lucy D. Anderson Everett. The appellant, Josie Alexander Endris, also intermarried during the pendency of the litigation, and is known as Josie Alexander Endris Link.

In November, 1929, appellant filed her petition in the Bourbon circuit court appealing from the order probating the will of Hugh D. Alexander, dated April 6, 1926, seeking to have the will set aside on the ground of mental incapacity and undue influence, coercion, etc., on the part of the Agricultural Bank & Trust Company and Lucy D. Anderson.

While the suit was pending, Lucy D. Anderson died testate January 13, 1929, and it appears that by her will she devised to the fiscal court of Bourbon county certain property to be held in trust by it for the purpose of educating the children of Bourbon county, and also

left certain of her property to Joseph Endris, a son of the appellant. On February 15, 1929, appellant filed her suit in the Bourbon circuit court attacking the will of Lucy D. Anderson and sought to have it set aside. The case was prepared for trial, and on the day before it was set for trial an agreement of compromise was entered into between all parties concerned, whereby all matters in respect of wills of Hugh D. Alexander and Lucy D. Anderson Everett were settled. In April, 1934, appellant filed her petition in the Bourbon county court, alleging that on or about the 8th day of February, 1934, she discovered a writing purporting to be a will executed by Hugh D. Alexander, bearing date of August 23, 1926, and asked that the order probating the former will dated April 6, 1926, be set aside and the paper dated August 23, 1926, be probated in its place and stead. The county court sustained a special demurrer to the petition, and she prayed an appeal to the Bourbon circuit court, and filed her petition in that court in June, 1934, asking the relief prayed in the county court. The appellees filed their answer, pleading lack of jurisdiction of the court, denying the execution by the testator of the paper bearing date of August 23, 1926, and also pleaded the compromise suit and judgment referred to above. The court sustained the demurrer to so much of the answer as pleaded the compromise in the former action, persumably upon the ground that that compromise made and entered into related to the former will and before the paper purporting to be the last will was discovered or known to appellant.

It appears from the record that certain other steps were taken in the circuit court and county court involving various phases of this litigation, but the record is so awkwardly arranged that it would be difficult to give a connected resume of the steps taken and proceedings had; and, since this appeal must be determined upon the evidence on the issue as to whether the writing dated August 23, 1926, was the will of the testator, Hugh D. Alexander, it would serve no useful purpose to give a further statement of the litigation previous to the filing of the amended petition seeking to establish the writing bearing date of August 23, 1926, as the will of the testator. For the purpose of a decision of this case the last amended petition will be treated as a new action.

By agreement of parties, the case was transferred to the equity docket, and the evidence was taken upon the issue, and the chancellor found and adjudged the writing bearing date of August 23, 1926, not to be the will of Hugh D. Alexander, and dismissed the petition, and to reverse that judgment this appeal is brought.

In appellant's brief we are asked to reverse the judgment with directions either to (1) order the probate of the writing dated August 23, 1926, purporting to be the second will of the testator; or (2) order the question of the probation of the alleged second will referred to the county court for proceedings there; or (3) if the second proceeding (on the amended petition asserting the writing purporting to be the second will) was started in the wrong jurisdiction, to reverse the case for the purpose of permitting the appellants to offer the second will in evidence in opposition to the probate of the first will; and (4) to determine whether appellant is estopped by reason of the alleged compromise of the wills involving litigation before the discovery of the writing alleged to be the last will of the testator. We will discuss these points in reverse order.

(4) The compromise involved the wills in litigation pending prior to the discovery of the writing offered as the last will of the testator, and such compromise was not a bar to any rights to which plaintiff may have been entitled under the alleged second will, if it should be established as the will of the testator. She alleged that at the time of the compromise she did not know of the existence of the alleged last will, which pleading was demurred to, and therefore taken as true, and she was then entitled to proceed as provided in section 518 of the Civil Code of Practice (subdivision 9). Rubarts et al. v. Rubarts et al, 255 Ky. 695, 75 S. W. (2d) 353.

(3, 2) Plaintiff started the second proceeding in the county court, and upon dismissal of her petition she then appealed to the circuit court asking that the order probating the first will be set aside and the writing alleged to be the second will be probated in its stead.

Under the authority of the Rubarts Case, supra, it appears that it would have been error for the circuit court to have dismissed appellant's appeal from the

county court, in which action she asked that the order probating the first will be set aside and the second writing be probated in its stead as the last will of the testator. But her appeal was not dismissed by the circuit court. It was tried on the merits on the issue of the authenticity of the writing bearing date August, 1926. In view of the procedure had and the further fact that the parties chose the circuit court as the tribunal in which to try the issue involved, we conclude that the circuit court had jurisdiction of the subject matter for the purpose of rendering final judgment thereon, and the court did not err in failing to refer the cause to the county court for the purpose of determining the issues. See Kentucky Statutes, sections 4850 and 4859; Oliver v. Clark, 209 Ky. 519, 273 S. W. 46.

(1) This leaves for determination the question of the sufficiency of the evidence to establish the writing bearing date of August, 1926, as the will of the testator. The evidence on this issue is very conflicting. There is much evidence in behalf of appellant to support her contention that the writing in issue was the handwriting of the testator. There is evidence to the effect that, after the testator made his will in April, 1926, the one probated, he made statements to certain people indicating that he was dissatisfied with his will and that he intended to leave his property to his niece, the appellant, and gave his reasons therefor. One witness testified that, while the testator was ill and in the hospital, he saw Lucy D. Anderson trying to take a paper from him, but later on cross-examination the witness admitted that she was trying to take something from him, but he did not know whether or not it was a paper. In view of this witness' evidence as a whole, it is not very valuable for any purpose. There was certain other evidence favorable to appellant, including that of experts who testified that in their judgment the proffered will of August, 1926, was the handwriting of the testator.

The circumstances surrounding the discovery of the proffered will are, in substance, that appellant had leased an apartment in her house to certain tenants (it being the home occupied by the testator just previous to his last illness and death), and, while on a business or social call on her tenants, they became interested in certain pictures hanging on the wall, some of which she

showed to her tenants, and then said that she had a number of other interesting pictures, and pointed out to them various ones hanging on the walls of the room. Finally attention was centered on a picture of the home of Jefferson Davis, and appellant told Mr. Herndon, her tenant, that he might take the picture off the wall for a closer examination, and he detached the picture from the wall and, while he was holding it in his lap she told him the history of the picture was in the back of it, and asked him to open it, saying that she intended to take it to some photographer for repair or repainting. Thereupon Herndon opened the picture and an envelope addressed to appellant fell out of the inside of the picture, and at her request he opened the envelope and found the paper offered as the will of the testator. On some of the previous trials there was evidence to the effect that the paper in question was found in the vest pocket of the testator, and apparently an effort had been made to burn it and it was scorched, but, according to the evidence of Mr. Herndon, who took the paper from the envelope on the occasion stated above, the paper was unfolded and bore no scorch or evidence of burning.

It was shown for appellees by ten or twelve bankers and other witnesses who testified as experts on handwriting that in their judgment the writing in question was not the handwriting of the testator, Hugh D. Alexander. We do not deem it necessary to extend this opinion by giving time and space to a further detailed recitation of the evidence. It is sufficient to say that the evidence is such as would leave reasonable minds in doubt, and, in such circumstances, it is the well-established rule of this court that a finding of fact by the chancellor will be sustained.

The judgment is affirmed.