# Vaughan's Adm'r et al. v. Vaughan et al.

(Decided Nov. 4, 1937.)

LEE & KRIEGER and J. VERSER CONNER for appellants.

WOODWARD, DAWSON & HOBSON and RICHARDSON & RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an appeal from a judgment of the Jefferson circuit court adjudging a certain paper dated February

3, 1923, not to be the last will and testament of Robert M. Vaughan, who died November 7, 1934.

By the will in contest the testator gave all of his property to his wife, Mary Ada Vaughan, except a diamond ring which he gave to Miss Nannie Hieronymus, who had been in his employ for many years. He appointed his wife executrix of the will. His gross estate at the time of his death amounted to approximately $75,000, consisting principally of stock and notes of Otter & Co., a corporation engaged in the wholesale grocery business in Louisville. He owned practically all of the capital stock and obligations of the corporation. On November 13, 1934, his will was admitted to probate by the Jefferson county court, and Mrs. Vaughan qualified as executrix. She died in April, 1935, before the estate was settled, and the Fidelity & Columbia Trust Company was appointed and qualified as administrator de bonis non, with the will annexed, of the estate of Robert M. Vaughan.

Mr. and Mrs. Vaughan had been married 32 years at the time of his death. They had no children. Mrs. Vaughan owned personal property worth approximately $17,000, and in 1928 she executed a will leaving all of her property to her husband during his life and at his death the remainder to a number of relatives and friends. About 3 months after her husband's death, she executed another will revoking the first one. By the terms of her last will she gave $5,000 to each of the three sisters of her deceased husband, and $26,600 to a number of relatives and friends, the bequests ranging in amount from $100 to $5,000. The remainder of her estate she left to Nannie Hieronymus, Russell Borders, Charles Webber, and William Fey, all of whom had been employed by Otter & Co. for more than 20 years. She appointed the Fidelity & Columbia Trust Company the executor of her will. In August, 1935, C. M. Vaughan, a brother of Robert M. Vaughan, together with another brother and three sisters, filed in the Jefferson circuit court a statement of appeal wherein they prayed an appeal from the order of the Jefferson county court admitting Robert M. Vaughan's will to probate. In the statement of appeal they merely alleged that the paper dated February 3, 1923, purporting to be the last will of Robert M. Vaughan and probated as such, was not in truth and fact his last will and testa-

ment. The Fidelity & Columbia Trust Company, in its representative capacity, and all of the legatees under Mary Ada Vaughan's will were made defendants. The Fidelity & Columbia Trust Company moved the court to dismiss the action as to these legatees because they were not necessary or proper parties, and the motion was sustained as to all of them except Nannie Hieronymus, who was a legatee under the contested will of Robert M. Vaughan. The personal representative of the two estates also moved the court to require the appellants to make their statement of appeal more definite and specific, and to state the grounds and reasons in support of the allegation therein that the paper in contest was not the last will and testament of Robert M. Vaughan. This motion was overruled.

On the trial of the case, no effort was made to show that the testator was without testamentary capacity at the time the will was executed or that any undue influence was exercised to induce him to make it. The only evidence introduced related to an alleged holographic will executed by Robert M. Vaughan in February, 1932, which revoked the earlier will. It is claimed by the contestants that this alleged will was in existence at the time of Vaughan's death and has been lost or destroyed. The witnesses by whom they attempted to prove the existence and contents of the alleged lost instrument were Sam Hecht, Robert Hecht, and Frank McDonough. Sam Hecht was employed by Robert M. Vaughan for several years as a truck driver, and continued in the employ of Otter & Co. until after the death of Mrs. Vaughan, when he was discharged. At the time of the trial he was in the employ of the contestant C. M. Vaughan. He testified that on an occasion in 1932, when he was driving Robert M. Vaughan's automobile, Vaughan drew from his pocket a writing which he asked Hecht to read. It was a will revoking an earlier will and leaving his property to his wife and brothers and sisters as the law provides. Robert Hecht, the son of Sam Hecht, was 18 years of age when Robert M. Vaughan died. He had been employed by Robert M. Vaughan, but was discharged by Mrs. Vaughan shortly after her husband's death after a dispute arose between them over his salary. He was later employed by the contestant C. M. Vaughan. He testified that a few weeks before Mr. Vaughan's death

he was in the latter's office in the building occupied by Otter & Co., and Vaughan took a paper from a drawer in his desk, asked Hecht to read it, and put it back in the desk. The paper was his holographic will dated February, 1932, and revoked any previous will made by him. It contained three clauses, numbered 1, 2, and 3. Clause 1 provided for the payment of his just debts and funeral expenses. By clause 2 his wife, Mary Ada Vaughan, was to receive that portion of his estate allowed to her by law, and by clause 3 the remainder of his estate was to be divided equally between his brothers and sisters. Frank McDonough also testified that Vaughan, on one occasion, showed him the alleged holographic will. Appellants earnestly insist that the testimony of these witnesses is preposterous and unbelievable, is refuted overwhelmingly by the testimony of other witnesses or by the records, and that the evidence is insufficient to sustain the verdict. It is unnecessary to determine this question, or to discuss or analyze the evidence, in view of our conclusion that the judgment must be reversed on another ground.

The sole ground relied upon by the contestants for vacating the order of the Jefferson county court probating the will of February 3, 1923, was its alleged revocation by a subsequent will. Section 518 of the Civil Code of Practice provides that under the conditions therein enumerated the court in which a judgment has been rendered shall have power after the expiration of the term to vacate or modify it. Prior to its amendment in 1926, this section had no application to a judgment of the county court probating or rejecting a will, Jett v. Jett, 159 Ky. 285, 166 S. W. 1004, but in 1926 subsection 9 was added prescribing the method for vacating a judgment admitting a will to probate when a later will has been discovered. Acts 1926, c. 27, p. 122. The proceedings to vacate must be by petition to which all persons interested in the earlier will shall be made defendants. If the earlier will shall have been established by judgment of the circuit court on appeal from a judgment of the county court, the proceedings to vacate shall be instituted in the circuit court, but if no appeal shall have been taken from the judgment of the county court probating the earlier will, the proceedings to vacate shall be instituted in the county court. This subsection contains the proviso that a judgment admit-

ting a will to probate shall not be vacated on the ground that a later will has been discovered until the validity of such later will has been determined in the proceedings to vacate the former judgment, as provided in section 520 of the Civil Code of Practice. Section 520 provides that the proceedings to vacate the judgment shall be by petition, verified by affidavit, setting forth the judgment and the grounds to vacate it. The purpose of the amendment of 1926 to section 518 of the Civil Code of Practice was to require one seeking to vacate a judgment admitting a will to probate on the ground that a later valid will had been discovered to file in the court rendering the judgment a petition setting forth the grounds to vacate, and thus to conform the procedure in such cases to the procedure in actions to vacate other judgments. Appellees rely upon a statement in Rubarts v. Rubarts, 255 Ky. 695, 75 S. W. (2d) 353, 355, wherein the court, after stating that the contestants were entitled to proceed as in subsection 9 of section 518 of the Civil Code of Practice, said:

"This, however, was not the only course left open to them. They had a right to prosecute their appeal from the order of the county court probating the first will to a final determination and to offer the later will and any other competent evidence available in opposition to the probate or establishment of the earlier will."

In the Rubarts Case, the will of Mary B. Allen was probated in the Casey county court on November 23, 1931. On February 11, 1933, an appeal from the probate of the will was filed in the circuit court. On May 22, 1933, the contestants produced in the county court a writing purporting to be a later will of Mary B. Allen, and moved the court to probate it. They did not file the petition required by subsection 9 of section 518, making the persons interested in the earlier will defendants, but an examination of the record in that case shows that one of the attorneys representing the defendants in the action then pending in the circuit court in which the first will was being contested was present and objected to the probate of the second will. After a hearing, the county court refused to probate the alleged second will, and an appeal was taken to the circuit court where the two appeals were consolidated. In the Rubarts Case the procedure prescribed by sub-

section 9 of section 518 of the Civil Code of Practice was substantially followed. When the later will was offered for probate, all parties interested in the earlier will were present either in person or by their attorney, and the county court, after a hearing, refused to probate it. Yet it was held that the circuit court did not err in dismissing the appeal from the order of the county court refusing to probate the later will, since the appellant did not pursue strictly the course provided for by the Code. What was said in the opinion concerning the contestants' right to prosecute an appeal from the order of the county court probating the first will to a final determination, and to offer the later will and any other competent evidence available in opposition to the probate of the earlier will, was intended to apply to a case where the grounds of contest were other than the alleged execution by the testator of a later will. Another will executed by the testator, whether before or after the execution of the will in contest, might be competent evidence on the issues of mental incapacity and undue influence. Trivette v. Johnson, 257 Ky. 681, 79 S. W. (2d) 6.

In Anderson's Adm'x v. Bourbon Agricultural Bank & Trust Co., 265 Ky. 157, 96 S. W. (2d) 257, an appeal was taken to the Bourbon circuit court from the order of the Bourbon county court probating the will of Hugh D. Alexander, dated April 6, 1926. Before the case was tried, the parties to the litigation settled all matters in dispute. Thereafter a petition was filed in the Bourbon county court in which it was stated that a will executed by Hugh D. Alexander, bearing date of August 23, 1926, had been discovered, and it was asked that the order probating the former will be set aside and that the paper dated August 23, 1926, be probated in its place. A demurrer to the petition was sustained, and an appeal was taken to the circuit court. It was argued that because the county court had not heard the case on its merits it should be returned to the county court for a determination of the issues. It was held, however, that the procedure complied with the requirements of subsection 9 of section 518 of the Civil Code of Practice, particularly in view of the fact that the parties chose the circuit court as the tribunal in which to try the issue involved, that is, the authenticity of the writing bearing date of August 23, 1926. It will

be noted that in the Anderson Case the contestants complied strictly with the Code requirements, and, although the county court sustained a demurrer to the petition in the proceeding in which it was sought to probate the later will, yet it was given an opportunity to probate it and entered a judgment refusing to admit it to probate.

The procedure followed in the instant case is a clear evasion of the express provisions of subsection 9 of section 518 of the Civil Code of Practice. It follows that the trial court erred in admitting evidence concerning the alleged holographic will.

Appellants complain because Russell Borders and Charles Webber were not permitted to testify. Each of these witnesses was examined out of the presence of the jury, and his offered testimony is here as an avowal. They were residuary legatees under the will of Mrs. Vaughan, and, before they can receive anything under her will, the will of Robert M. Vaughan, dated February 3, 1923, must be established. They are directly interested in having that will sustained, and would, in effect, be testifying for themselves in the contest proceeding. Under subsection 2 of section 606 of the Civil Code of Practice, therefore, they may not testify to any verbal statement of, or any transaction with, the decedent, Robert M. Vaughan. However, they were asked concerning statements of, and conversations with, the contestant C. M. Vaughan, and the court excluded their answers from the jury. This was error. The court also erred in permitting C. M. Vaughan to testify over the objections of the contestees to transactions with his deceased brother and concerning their relations. Hale v. Hale, 242 Ky. 810, 47 S. W. (2d) 706; Russell v. Tyler, 224 Ky. 511, 6 S. W. (2d) 707. All other questions are reserved.

The judgment is reversed for further proceedings consistent herewith.