## Polley et al. v. Cline's Ex'r et al.

(Decided Feb. 15, 1938.)

148

J. J. MOORE and HENRY J. SCOTT for appellants.

STRATTON & STEPHENSON and STEELE & VANOVER for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Mrs. Mary Ford Cline died February 10, 1932, and on February 18, 1932, a paper dated February 16, 1907, was probated as her last will by the Pike county court. In this will, she gave her entire estate to her husband, A. D. Cline, and named him executor. On January 19, 1933, an undated paper, purporting to be the will of Mary Ford Cline, was produced by her brothers and sisters and probated by the Pike county court as her will. It was signed "Mary Ford X̲ Cline," and was witnessed by J. E. Polley and A. L. Trimble. J. E. Polley is the son of Mrs. Alpha Polley, sister of the testatrix. In the second will, the testatrix gave her entire estate to six of her brothers and sisters who are the appellants. A. L. Trimble died in August, 1932, and the will, when it was offered for probate, was proven by J. E. Polley, the other subscribing witness. The order of the Pike county court probating the second will reads:

"This day an instrument of writing, purport-

ing to be the last will and testament of Mary F. Cline, deceased, late of this county, was produced in court and proven by the testimony of J. E. Polley, one of the subscribing witnesses thereto, who also proved the attestation of A. L. Trimble, deceased, the other subscribing witness thereto, whereupon the same was established by the court to be the last will and testament of said Testatrix, Mary F. Cline, and ordered to be recorded."

On February 1, 1933, A. D. Cline appealed from the order of the Pike county court probating the second will. In the statement of appeal filed in the Pike circuit court it was alleged:

"The appellant says that paper probated on Jan. 19, 1933, as her will, is spurious; that it is not the will of Mary Cline; that Mary Cline did not execute same; that the paper produced is a forgery; that it should be declared void and of no effect.

"Wherefore he prays for an appeal from the order entered probating same, and that a trial be had in the Circuit Court, that its Spuriousness may be adjudged."

On February 20, 1933, the brothers and sisters of Mary Ford Cline filed an appeal in the Pike circuit court from the order of the Pike county court probating the first will. In their statement of appeal this appears:

"Appellants further say that said purported will, dated the said 16th day of February, 1907, and probated on the 18th day of February, 1932, is not the true last will and testament of the said Mary Cline, deceased; say that long after the execution of said will and to-wit on the —— day of November, 1931, the said Mary Cline while a citizen and resident of Pike County, Kentucky, made and executed her true last will and testament, wherein and whereby she revoked her said will aforesaid, dated the said 16th day of February 1907; say that on the 19th day of January, 1933, by order of the Pike County Court duly made and entered the said last will and testament of the said Mary Cline was duly admitted to probate."

The two appeals were consolidated, and, at the first trial, the jury disagreed. At the second trial, the jury found the paper dated February 16, 1907, to be the last

will of Mrs. Cline, and, on an appeal prosecuted to this court, the judgment was reversed on the ground that the court erred in admitting certain evidence and rejecting other evidence, and also on the ground that the evidence did not support the verdict. Polley v. Cline's Ex'r, 263 Ky. 659, 93 S. W. (2d) 363, 365. The issue in the case was thus stated in the opinion on the former appeal:

"If the undated paper, to which Mrs. Cline's signature purports to have been made by her mark (hereinafter referred to as the last will), is valid, it supersedes the one dated February 16, 1907 (hereinafter referred to as the first will), and thus this last will and the circumstances surrounding it and its execution, etc., are the real issue presented, and as to it the issue narrows down to this single question:

"Was It a Forgery?"

At the third trial, the jury again found in favor of the first will, and the beneficiaries under the second will have appealed. They rely chiefly upon two grounds for reversal of the judgment: (1) The burden of proof was on the appellants, the propounders of the second will, and they, therefore, were entitled to the closing argument to the jury; and (2) the evidence was not sufficient to sustain the verdict. The evidence was stated fully in the opinion on the former appeal, and it is unnecessary to repeat it here.

On the return of the case to the Pike circuit court, the following order was entered in the two appeals styled Alpha Polley et al. v. A. D. Cline et al. and A. D. Cline, Ex'r, et al. v. Alpha Polley et al.:

"By agreement of the parties to the two above styled cases it is ordered that said two cases be tried together at the same time, before the same jury, and upon the same evidence so far as applicable."

After the jury had been selected, the following order was entered:

"On Yesterday and after the jury in the above styled consolidated causes had been impanelled and before statement of counsel, Alpha Polley et al filed written motion for the court to give them the burden of proof and concluding argument and the

court upon consideration overrules said motion to which ruling Alpha Polley, Martha Hatfield, Mousie Coleman, Josephine Moore, Alonzo Ford and Bert Ford, appellants and appellees except."

The point that the trial court erred in overruling appellants' motion to assign to them the burden of proof is well taken. The procedure prescribed by the 1926 amendment to section 518 of the Civil Code of Practice, for vacating a judgment admitting to probate a will when a later will has been discovered and for probating the second will, was not strictly followed, but the proceedings were substantially the same as those in Rubarts v. Rubarts, 255 Ky. 695, 75 S. W. (2d) 353, which were approved. Furthermore, the propriety of the procedure followed was not questioned. See, also, Vaughan's Adm'r v. Vaughan, 271 Ky. 387, 111 S. W. (2d) 1037, and Anderson's Adm'x v. Bourbon Agricultural Bank & Trust Co., 265 Ky. 157, 96 S. W. (2d) 257.

The order of the Pike county court admitting to probate the second will, in effect, vacated the earlier order probating the first will. On the appeal to the circuit court from the order of the county court probating the second will the authenticity of that will was the only matter in issue requiring the introduction of proof. The appellants claimed that the signatures of the testatrix, Mary Ford Cline, and the witness A. L. Trimble had been forged. The validity of the first will was not questioned in any respect except it was claimed that it had been superseded by the second will. It was not necessary to appeal from the order probating the first will in order to raise the issue which was tried. That issue was raised by A. D. Cline's appeal from the order of January 19, 1933. Was the second will a forgery, constituted the sole issue, and the solution of that question determined whether the order probating it should be vacated or sustained. The first will was involved only incidentally. The appellants on this appeal were the propounders of the second will, and, under section 4850 of the Kentucky Statutes, they had the right to conclude the argument in the circuit court. Wills v. Tanner, 39 S. W. 422, 19 Ky. Law Rep. 795. It has been held in numerous cases that denial of the concluding argument to the party who is entitled to it is reversible error. Louisville & N. R. Co. v. Hargis, 230 Ky. 806, 20 S. W. (2d) 991, and cases therein cited.

Some complaint is made of certain evidence which was admitted over appellants' objections, but, in view of the wide latitude allowed in will cases, we think it was within the permissible limits. Appellants' contention that there was not sufficient evidence to take the case to the jury, and that they should have been peremptorily instructed to find the second will to be the last true will of Mary Cline, cannot be sustained. They insist that the evidence is practically the same as on the former trial, and, at least, the verdict is flagrantly against the evidence. The appellees insist, on the other hand, that there was additional evidence on the last trial tending to discredit the testimony of J. E. Polley and Mrs. Hilda F. Coleman, appellants' chief witnesses, and other evidence not introduced at the former trial which is sufficient to sustain the verdict. Since the judgment must be reversed for the reason heretofore indicated, we refrain from passing upon the sufficiency of the evidence.

The judgment is reversed, with directions to grant appellants a new trial, and for further proceedings not inconsistent herewith.